## St. Louis Southwestern Railway Company v. A. McKnight.

### No. 1451. Decided November 13, 1905.

**1.—Venue—Railways—Connecting Lines.**

The Act of May 26, 1899 (Laws, ch. 125, p. 214) fixing the venue in a suit against any or all of two or more railroads operating any part of their roads in this state, in an action for loss or damage to freight transported over them, in any county in which either of such roads extends or is operated, applies only to a defendant over whose road such property has been transported, and does not apply to an action against a carrier refusing to receive and transport the property when tendered to it by a preceding road under a contract fixing a through freight rate, which it claimed was unauthorized. (Pp. 293–295.)

**2.—Same.**

The statute applies to a railroad operating as a part of its line 1000 feet of the track of another road in this state, though it did not own such track. (P. 294.)

**3.—Venue—Joint Obligation—Domicile.**

The statute fixing the venue in an action on the joint liability of defendants in the county of the domicile of either (Rev. Stats., art. 1194, subd. 4) does not permit a railroad corporation of another state to be sued jointly with a domestic one in any county into which the latter extends; the domicile of the domestic corporation is in the county when it maintains its principal office. (P. 295.)

**4.—Venue—Defendant—Making Parties.**

Article 1208, Rev. Stats., authorizing the bringing in of necessary or proper parties by either plaintiff or defendant, does not affect the question of venue, nor permit a defendant to maintain action over against the person causing his liability to plaintiff in a county in which the latter is not subject to be sued. (P. 295.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Potter County.

*E. B. Perkins* and *Turner & Boyce,* for appellant.—If the district court of Potter County had any jurisdiction over the St. Louis Southwestern Railway Company, it having urged its privilege of being sued in one of the counties in which it had an agent, it had such jurisdiction only by the terms of the Act of 1899, page 214, for prior to the enactment of that law the court would have had no jurisdiction. And the Act of 1899, page 214, does not give jurisdiction to said court over the St. Louis Southwestern Railway Company, for the reason that this case does not come within the terms of that act, the horses not having been "transported over" any part of the line of the St. Louis Southwestern Railway Company, that company having refused to accept the shipment according to the allegations of the pleading and the proof on the trial. Texas & P. Ry. Co. v. Edmisson, 52 S. W., 635; Red River, S. & W. Railway Company v. Blount, 3 Texas Civ. App., 282; General Laws of 1899, page 214; Black on Interpretation of Law, pages 25 to 48, and page 148; St. Louis, Iron Mountain & So. Ry. Co. v. White & Co., 9 Texas Court Reporter, 865.

The Venue Act of 1899, page 214, does not apply in this case, for the reason that it is shown by the plea in abatement and the agreed statement of facts, as to such plea, that the appellant was not operating any part of its road in this state. St. Louis, Iron Mountain & So. Ry. Co. v White & Co., 9 Texas Court Reporter, 865.

*Browning, Madden & Truelove,* for appellee McKnight.—The Venue Act of 1899, cited by appellant, is sufficient under plaintiff's said allegations to confer jurisdiction over appellant, because said act gives jurisdiction if the damage "arises out of such transportation or contract in relation thereto, etc." The fact is the damages sustained by appellee in part, grew out of a breach of the contract of shipment on appellant's part.

*Spoonts & Thompson* and *J. H. Barwise,* for appellee Ft. Worth & D. C. Railway Company.—The construction given to the Venue Statute of 1899 by appellant is too narrow and restricted, and the District Court of Potter County had jurisdiction over the St. Louis Southwestern Railway Company, since that company was doing business in the State of Texas, within the meaning of the venue statute referred to, and a contract for transportation of certain live stock had been made by at least the Fort Worth & Denver City Railway Company, and the suit grew out of a breach of that contract.

BROWN, ASSOCIATE JUSTICE.—This is a certified question from the Court of Civil Appeals of the Second Supreme Judicial District, as follows:

"Amending the certificate heretofore made to Your Honors in this case, and in lieu thereof, we respectfully certify to Your Honors for decision the question whether appellant was suable in Potter County;

that is, whether or not the court erred in overruling the following sworn plea, the proof establishing the facts as therein alleged, and the court refusing to instruct the jury to find in favor of appellant on said plea.

" 'Now comes the defendant, the St. Louis & Southwestern Railway Company, for the purpose of this plea only, and shows to the court that the only service had or attempted to be had upon it in this cause, was the service of citation upon R. H. Bowron, who, at the time of the institution of this case, was a resident citizen of Tyler, Smith County, Texas, and that said R. H. Bowron is not now and was not at the time of the service of citation upon him, or at the time of the institution of this suit, or since then, a resident citizen or inhabitant of Potter County, Texas; and neither the said Bowron or the aforesaid railway company had during the time aforesaid an office, agent, or agents in said Potter County, Texas.

" 'The said St. Louis & Southwestern Railway Company further says, that at the time of the transaction, out of which this suit has grown, and at the time of the institution of this suit, and since then, it was and is now a nonresident foreign corporation, and not a corporation created under and by virtue of the laws of the State of Texas, but was created under and by virtue of the laws of the State of Missouri (and lies and is wholly operated without the State of Texas and not within it); that it does not now and did not at the time of the institution of this suit, nor since then, own, control or operate any line or part of a line of railroad in the county of Potter, or elsewhere, in the State of Texas; but lies and is wholly operated without the State of Texas, but that it runs its cars over the lines of the St. Louis Southwestern Railway Company, of Texas, into the depot thereof, a distance of about 1,000 feet, in Texarkana, in the county of Bowie, within the State of Texas; that no part of this line extends through or into, or begins or terminates in Potter County, Texas; that its principal office and place of business is not now and never was situated in the county of Potter, State of Texas, but is situated in the city of St. Louis, State of Missouri, and has never been elsewhere; that it has not now and has never had an agent, agency, office or representative located or stationed within said county of Potter, or elsewhere, within the State of Texas, except in the counties of Bowie and Smith; that this defendant did have an office and representative, to wit, R. H. Bowron, at Tyler, in Smith County, Texas, at the time of institution of this suit, and that since said date the said R. H. Bowron has resigned his office of general superintendent, and that W. E. Green is now general superintendent of this defendant, with his office at Tyler, in Smith County, Texas; and that at the time of the institution of this suit and now, it also has a local agent, to wit, W. P. McNair, at Texarkana, Bowie County, Texas; and that it has not now and did not have at the time of the institution of this suit, nor since then, any agent, agency, office or representative elsewhere in the State of Texas; that the cause of action in this suit, or any part thereof, did not arise or accrue against this defendant in Potter County, Texas.

" 'Defendant further says that this is not a suit upon a contract in writing wherein the performance was or is promised in Potter County, Texas; that it is not an action for damages for tort brought in the

county in which the injury was inflicted; that no damages, tort or injury was inflicted by the defendant upon plaintiff or his property in Potter County, Texas; that this suit is not for the recovery of personal property; that it is not brought against this defendant as a private corporation in any county in which the cause of action, or a part thereof, arose or accrued, or in which this defendant has or had an agent, agency, office or representative, or in which its principal office is or was situated; but that this suit is against this defendant as a foreign railroad corporation for an injury alleged to have occurred upon its road, which is located wholly without the State of Texas, and is sought to be maintained upon its liability as a public carrier for damages for delay on that interstate shipment of horses billed from Amarillo, Texas, to Texarkana, Texas, en route to Brinkley, Ark., and is not brought against this defendant in any county through or into which this line of road enters or passes, or is constructed or operated, or in any county where its road begins or terminates.

" 'That this defendant has entered into no contractual relation with plaintiff or the defendant, Fort Worth & Denver City Railway Company, or the Texas & Pacific Railway Company, for the performance or fulfillment of any promise in Texas or in Potter County.

" 'The defendant further says that plaintiff has not, by attachment or otherwise, seized upon or fixed a lien upon any of this defendant's property; that it has given no promise in writing to pay in said county of Potter, State of Texas; that plaintiff's cause of action, if any he has, against this defendant arose and accrued entirely without the county of Potter, State of Texas; that this defendant is not a partner with any other defendant in this suit, and was not at the time of the institution of this suit, nor at any other time; that it has no property in the county of Potter; that this defendant is not a resident, inhabitant or citizen of Potter County, Texas, and has no domicile or place of business in said Potter County, Texas, and did not have at the time of the institution of this suit or at any other time, its residence, domicile or place of business, or principal place of business in said county and has not.

" 'That the Fort Worth & Denver City Railway Company is not a resident and does not have its general office or its domicile in Potter County, Texas, but that it has its principal offices and domicile in the city of Fort Worth, Tarrant County, and that this defendant has its principal office and domicile in the city of St. Louis, State of Missouri; and that this suit does not arise out of any particular character of action, the venue of which is expressly prescribed by law, and jurisdiction is not given by law or fixed in Potter County, in which this suit is brought.

" 'Wherefore, the defendant says that if the State of Texas can at all retain jurisdiction of it, then it is entitled to be sued in Smith County, Texas, or in Bowie County, Texas, and not elsewhere in said state; and herein specially pleads the said privilege to be there sued and prays to be hence discharged from further answering in this case.'

"The suit was originally brought by the appellee against the Fort Worth & Denver City Railway Company, a railroad corporation with a local agent and operating a road in Potter County, for damages sus-

tained in a shipment of horses from Amarillo, Texas, to Brinkley, Arkansas, at an agreed and guaranteed freight rate of forty-five cents per hundredweight, the last named company carrying the horses to Fort Worth, and there delivering them to the Texas & Pacific Railway Company, over whose line they were carried to Texarkana, where appellant refused to receive and forward them for its proportion of the rate named, appellee insisting upon his right to have them carried to their destination at that rate. There was some delay and rough handling between Amarillo and Fort Worth resulting in injury to the horses, and at Texarkana they were delayed four days in muddy pens on account of the controversy above referred to, and were so injured that they had to be sold there at a greatly reduced price. Appellant was made a party to the suit at the instance of the Fort Worth & Denver City Railway Company, the latter company, against which appellee sought to recover the full amount of the damages, claiming that appellant was at fault in not receiving and forwarding the horses in pursuance of the contract made at Amarillo with the shipper, and asking for a judgment over against appellant for whatever damage appellee might recover against it on account of the injury done the horses at Texarkana, alleging that appellant was a party to the contract of through shipment at the agreed freight rate. Appellee then amended his petition and sought to recover damages against both companies, alleging a case of joint liability against them. Then it was that the sworn plea above quoted was filed and presented in due order of pleading.

"The court overruled the exceptions of appellant to the jurisdiction, raising the same question as is raised by the sworn plea, and in submitting the case to the jury ignored the sworn plea and refused a special instruction requested by appellant to submit it. Judgment was rendered against each company for damages. From that judgment the St. Louis Southwestern Railway Company alone appeals, assigning errors to the court's action in overruling its exceptions and plea to the jurisdiction as above indicated.

"On the original hearing we held with the trial court on the issue of venue or jurisdiction involved in the plea, but reversed the judgment as to appellant, because the proof failed to show that appellant had authorized the making of the shipping contract, as will be seen from the certified copy of the opinion attached to the original certificate.

"In the motion for rehearing now pending before us it is earnestly insisted that on the venue question, our holding is in conflict with decisions both of the Courts of Civil Appeals and of the Supreme Court. And while it is by no means clear to us that any such conflict exists, we deem it advisable, in view of what might be considered a conflict, to have the matter conclusively determined before the case is sent back for another trial.

"While this certificate is offered in lieu of the one heretofore made, we respectfully refer to that certificate and the exhibits and other papers accompanying it, for a fuller explanation of the question."

As we understand the statement which accompanies the questions, the petition alleged facts which made the Fort Worth & Denver City Railway

Company and the St. Louis & Southwestern Railway Company jointly liable to the plaintiff for damages claimed on account of the shipment of some horses from Amarillo, Texas, to Fort Worth, over the former road, thence by the Texas & Pacific Railway Company to Texarkana, from which place they were to be shipped by the St. Louis & Southwestern Railway Company to Brinkley, Arkansas. The contract was for a through shipment and upon a guaranteed through rate of forty-five cents per hundred pounds. When the horses arrived at Texarkana, the St. Louis & Southwestern Railway Company refused to receive and ship the horses to Brinkley on the rate of forty-five cents, and the horses were held at Texarkana for about four days in muddy pens, became greatly damaged, and had to be sold at that place at a sacrifice. The plea of privilege exhibited by the St. Louis & Southwestern Railway Company, which is copied in the statement, negatived every ground for the exercise of jurisdiction over it by the District Court of Potter County.

This suit was commenced under the act of the legislature, approved May 26, 1899, the first section of which reads as follows: "Section 1. That whenever any freight, baggage or other property has been transported over two or more railroads operating any part of their roads in this state, and having an agent in this state or operated by any assignee, trustee or receiver of any such railways, suit for loss or damages thereto or other cause of action connected therewith, or arising out of such transportation or contract in relation thereto, may be brought against any one or all of such railroad corporations, assignees, trustees or receiver operating any of such railways in any county in which either of such railroads extend or is operated; provided, however, that if the damages be recovered against more than one carrier not partners in the shipment or contract, they shall be apportioned between the defendants by the verdict of the jury and the judgment of the court, or by the judgment alone, should no jury be demanded; provided, this act shall not change venue in any case now pending." (See Laws 26th Leg., p. 214.)

By the terms of the section quoted jurisdiction in the District Court of Potter County over the St. Louis & Southwestern Railway Company depends (1) upon the fact that the corporation operated a part of its road in the State of Texas, and had an agent in this state; (2) that the horses had been transported over the line of the St. Louis & Southwestern Railway Company. The two facts must coexist. There is no question that the corporation had agents in this state, and we are of opinion that the allegation of its plea, that it operates its passenger trains 1,000 feet into the State of Texas to the passenger depot of the St. Louis & Southwestern Railway Company, of Texas, shows that it "operated a part of its road in this state." That language does not mean that the corporation must own the railroad track over which it operates its trains in this state, but simply that it should be engaged in carrying passengers or freight, or both, over a railroad track in this state. St. Louis, I. M. & So. Ry. Co. v. White, 9 Texas Ct. Rep., 865.

The allegation of the petition that the St. Louis & Southwestern Railway Company refused to receive the horses, and that they were sold at Texarkana at a sacrifice, shows that the horses were never transported

over that road; therefore, one of the facts necessary to jurisdiction does not exist, and the case does not come within the terms of the statute; the jurisdiction in the court of Potter County can not be sustained under the law of 1899, above quoted.

It is stated that the petition showed a joint liability of the Fort Worth & Denver City Railway Company and the St. Louis & Southwestern Railway Company to the plaintiff in the action, and that the court having jurisdiction of the former, the joint obligor could be joined as defendant. If the suit had been instituted at the domicile of the Fort Worth & Denver City Railway Company, then the jurisdiction at that point over the St. Louis & Southwestern Railway Company could have been maintained under the fourth subdivision of art. 1194, Rev. Stat., which allows suit to be brought in such case in the county where one of the defendants resides; but as the suit was not brought at the domicile of the Fort Worth & Denver City Railway Company, the case does not come within that exception. The domicile, the residence of the Fort Worth & Denver City Railway Company, was at the place where its public office was located. Art. 4378, Rev. Stat.; Texas & P. Ry. Co. v. Edmisson, 52 S. W., 635; The Behrens D. Co. v. Hamilton & McCarty, 92 Texas, 284. In Texas & Pacific Ry. Co. v. Edmisson, above cited, Chief Justice Finley said: " 'Domicile,' as used in the statute just quoted, is manifestly intended to be understood in its general and popular sense. In this sense it denotes the residence, and should be treated as synonymous with the word 'residence,' as used in section 4 of article 1194. Giving that provision this construction, the railroad company can not be properly said to reside in any and every county into which its road extends. We are therefore of the opinion that jurisdiction can not be sustained under section 4, above referred to."

The Honorable Court of Civil Appeals suggests that the jurisdiction can be maintained under article 1208 of the Revised Statutes, which is in this language: "Before a case is called for trial additional parties may, when they are necessary or proper parties to the suit, be brought in by proper process, either by the plaintiff or the defendant, upon such terms as the court may prescribe, but such parties shall not be brought in at such a time or in such a manner as unreasonably to delay the trial of the case."

The above article does not refer to the subject of venue but authorizes the making of parties after the suit has been brought; but such person can not be brought into a case pending, unless he be liable to be sued upon that cause of action in that county independently of the pending suit. Holloway v. Blum, 60 Texas, 625. The case cited is in point. It was sought, as here, to make a defendant, one who was under obligation to indemnify the defendant in the case in the event of loss; the court held that he could not be made to answer in a county other than that of his residence, unless the facts brought the case within one of the exceptions to the general rule.

We answer that the trial court erred in sustaining the exception to the defendant's plea of privilege.