**SANDERS v. FARMERS' STATE BANK OF MEXIA et al. (No. 8440.)**

(Court of Civil Appeals of Texas. Dallas. March 5, 1921.)

**1. Corporations �kö=509(5)—In application for garnishment, allegation held sufficient as to residence of corporation.**

Allegation in application for garnishment that garnishee was a corporation duly incorporated under the laws of Texas with its office and principal place of business "in Mexia, Limestone county, Tex.," was a sufficient allegation that its residence was in Mexia, Limestone county, Tex.

**2. Corporations ⊫=52—"Residence" is place where it maintains its office.**

A corporation's "residence" in legal contemplation is the place where it maintains its office and transacts its business—its principal place of business.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Residence.]

**3. Corporations ⊫=509(5)—Misnomer of officer of garnishee bank immaterial.**

The name of the president of a bank was no essential part of application for garnishment proceedings against the bank as garnishee, and it was immaterial that it was misspelled and that the names were not idem sonans.

**4. Garnishment ⊫=88—Affidavit sufficiently stated that applicant had a judgment.**

An application for garnishment by a judgment creditor *held* to sufficiently make affidavit that applicant had a judgment under Rev. St. 1911, art. 271, § 3, the affidavit in describing the judgment stating that plaintiff recovered it against personal garnishee, naming the amount paid on it, and alleging that the balance was unpaid and that the judgment was in full force and that there was due on it a certain amount with interest.

**5. Corporations ⊫=509(5)—Word in writ designating bank as "he" held an immaterial typographical mistake.**

The personal pronoun "he" in a writ of garnishment, which evidently referred to a bank whose name preceded it, *held* manifestly a typographical mistake and entirely immaterial.

Appeal from District Court, Limestone County; A. M. Blackman, Judge.

Garnishment proceedings by M. C. Sanders against the Farmers' State Bank of Mexia, as garnishee of C. C. Williams, judgment debtor. From a judgment quashing and dismissing the garnishment proceedings, plaintiff appeals. Reversed and remanded.

C. S. Bradley, of Groesbeck, and B. W. Miles, of Coolidge, for appellant.
A. B. Rennolds, of Mexia, for appellees.

HAMILTON, J. M. C. Sanders recovered a judgment against C. C. Williams (identical with Carl K. Williams) in the district court of Limestone county, Tex., on May 25, 1916. On December 18, 1919, Sanders instituted garnishment proceedings in the same court against Farmers' State Bank of Mexia, Tex., as garnishee of Williams on the unpaid amount of the judgment.

The application for the writ of garnishment, omitting the address, etc., was in the following language:

"Now comes M. C. Sanders, the plaintiff in the above named and numbered cause, and respectfully shows to the court that he is plaintiff in the cause of M. C. Sanders v. C. C. Williams, No. 206 on the docket of said court, and for cause plaintiff says:

"That in said suit plaintiff recovered a judg-

ment against the defendant, C. C. Williams, on May 25, 1916, for the sum of $1,232.00, with interest from the date of said judgment at the rate of 10 per cent. per annum and all costs of court; that the sum of $100 has been paid on said judgment and credit given therefor, and excepting said payment of $100 no amount of money has been paid on said judgment and the balance of same is now unpaid and unsatisfied and is in full force and there is now due on said judgment the sum of $1,132, with interest from May 25, 1916, at the rate of 10 per cent. per annum, as well as all costs of court; that said defendant has not within knowledge of plaintiff property in his possession within this state subject to execution sufficient to satisfy said judgment.

"That plaintiff has reason to believe and does believe that the Farmers' State Bank of Mexia, a corporation duly incorporated under and by virtue of the laws of the state of Texas, with its office and principal place of business in Mexia, Limestone county, Tex., of which corporation J. H. Sewatt, of Mexia, Tex., in said county, is president, is indebted to the said defendant, C. C. Williams, or that said bank has in its hands effects belonging to said C. C. Williams. Plaintiff has reason to believe and does believe that the said bank is indebted to said C. C. Williams, or that it has in its hands effects belonging to said C. C. Williams, but that said C. C. Williams is known to said bank as C. K. Williams on the books of said bank. That said C. C. Williams, defendant in the above numbered and entitled suit, is the same person as C. K. Williams.

"Wherefore plaintiff prays that for a writ of garnishment against the said Farmers' State Bank of Mexia, Tex., directing said bank to answer herein and show to the court, what, if anything, it is indebted to said C. C. Williams in that name or in the name of C. K. Williams, or what effects of the said C. C. Williams in that name or in the name of C. K. Williams it has in its possession, and for such other and further relief as in like cases provided by law."

The foregoing application was signed and verified by Sanders

Williams, the judgment debtor, filed a motion to quash and dismiss the garnishment proceedings, specifying several grounds upon which this action was invoked. The trial court sustained the motion upon the ground that the application did not recite the residence of the garnishee bank and quashed and dismissed the garnishment proceedings. From the judgment thus entered appellant has prosecuted this appeal.

[1, 2] The judgment of the trial court was erroneous. The allegation that the garnishee was a corporation, duly incorporated under the laws of Texas, with its office and principal place of business "in Mexia, Limestone county, Tex.," was an allegation that its residence was in Mexia, Limestone county, Tex. Furthermore, the president, although his name was incorrectly spelled, was alleged to reside in Mexia, Limestone county, Tex. A corporation's residence, in legal contemplation, is the place where it maintains its office

and transacts its business—its principal place of business. Its place of residence is the place where its corporate affairs are conducted, and we think such place is, and must be, understood to be and mean its principal place of business. We know of no authority in conflict with this view. On the contrary, the decisions support it. Harris v. Cozart Co., 178 S. W. 733; Railway Co. v. Bank, 82 Ill. 495; Plummer v. Francher, 111 Miss. 656, 71 South. 908.

In the case of Harris v. Cozart Co., supra, there was no allegation of the corporation's residence in the application for the writ of garnishment beyond the allegation that the garnishee was a corporation the name and residence of whose local agent were stated, and this was held to be sufficient to designate the corporate residence.

Appellee Williams by cross-assignments of error complains that the motion to quash ought to have been sustained for reasons other than that stated in the judgment.

[3] The first of these cross-assignments is that the application for the writ designates the president of the bank as J. H. Sewatt, whereas, the records shows that J. H. Sweatt, as president of the bank, answered that Williams had money deposited with it, and that Sewatt and Sweatt are not idem sonans. This variance, whether the names are idem sonans or not, is of no consequence, because only the requirements of the statute must be strictly complied with and there is no requirement that any officer of the bank be named in the application. The name of the president was no essential part of the application, and the omission of all officers' names would have detracted nothing from it. The application having stated the name and residence of the corporation, it then became the duty of the officer to whom the writ was delivered to serve it in the way provided by law. This having been done, then its duty to answer through some authorized agent or officer acquainted with the facts necessary to constitute the answer followed, regardless of whether or not any officer of the bank was named in the application.

[4] The second cross-assignment of error attacks the sufficiency of the application because appellee failed therein to make affidavit that "he has a judgment."

The language of the section of the statute providing for the writ of garnishment, under which the application in this case was made, is:

"Where the plaintiff has a judgment and makes affidavit that the defendant has not, within his knowledge, property in his possession within this state, subject to execution, sufficient to satisfy such judgment." Section 3, art. 271, Rev. St. 1911.

We think that part of the affidavit describing the judgment, stating that appellant recovered it against appellee Williams, naming

the amount paid on it and alleging that the balance is unpaid, that the judgment is in full force, and that there is due on it $1,132 with interest and all costs of court, conveys the idea (and no other) that appellant has the judgment. Strictly, though not literally, the affidavit in this respect complies with the statute. The precise wording of the affidavit for garnishment in the case of Szanto v. Bank, 212 S. W. 971, decided by the Austin Court of Civil Appeals, is not indicated in the opinion. But counsel for appellant state in their brief that they have examined the affidavit for garnishment in that case on file in the trial court, and found that no affidavit that the plaintiff "has a judgment" was made and that the essential facts on this feature were alleged in that case as they are alleged here. Counsel set out these facts in their brief, copying them. Appellee does not controvert them. We have examined them, as recited in the brief, and find therefrom that the allegations were practically the same there as in the instant case. The Szanto Case is therefore directly in point on this feature of the case and is authority for our declining to sustain appellee's position embodied in the second cross-assignment of error.

[5] The third and last cross-assignment of error directs attention to the use of the personal pronoun "he" in the writ of garnishment, which evidently refers to the bank whose name precedes it, but which appellee's counsel suggests and contends refers to the name of the president of the bank, whose name also appears to precede it in the writ. We think this assignment points out what is manifestly a typographical mistake, which is entirely immaterial.

Notwithstanding the striking and interesting argument with which appellee's counsel concludes his brief, we are unable to approve the view that the motion to quash the garnishment proceedings ought to have been sustained on any ground.

The judgment is reversed and the cause remanded.