### ALVIS v. HOLBERT et al.    (No. 9710.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 24, 1921.)

**1. Venue ⬳22(1)—Overruling plea of privilege of codefendant to be sued in county of residence held error.**

Under Rev. St. art. 1830, giving a defendant the privilege of being sued in the county of his residence, in suit against the Director General of Railroads and the seller of goods damaged in shipment, brought in a county in which the railroad could be sued, but in which the other defendant had no domicile, overruling plea of privilege of the latter was error in absence of a showing that the Director General or the railroad was domiciled in the county in which suit was brought so as to bring the suit within article 1830, exception 4, providing that, where two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.

**2. Railroads ⬳22(1)—Domicile for purpose of venue defined.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6437, providing that the public office of a railroad corporation shall be considered its domicile, the fact that a railroad ran through a county and maintained an agent therein does not show the county was the domicile of the railroad company for purpose of venue under article 1830, subd. 4.

**3. Pleading ⬳111 — Burden on plaintiff to show that codefendant had domicile in county of suit.**

Where suit was brought against the Director General of Railroads and another in a county through which the railroad ran and kept an agent, the burden of showing that the railroad's domicile was in the county was on plaintiff.

**4. Venue ⬳7—Party held not subject to suit in county other than that of his residence where contract sued on was oral.**

Under Rev. St. art. 1830, exception 5, providing that, when a person has contracted in writing to perform an obligation in any particular county suit may be brought either in that county or where defendant has his domicile, suit on an oral contract cannot be brought in a county other than that of defendant's domicile.

**5. Venue ⬳8—Defendant held not answerable in county other than that of his residence in absence of fraud.**

Under Rev. St. art. 1830, exception 7, providing that in cases of fraud defendant may be sued in the county where he committed the fraud or in the county of his domicile, in a suit to recover money paid for goods which were spoiled in shipment, where there was no fraud on the part of defendant, suit may not be brought in a county other than that of defendant's domicile.

**6. Venue ⬳8—To amount to fraud promise to perform must have been intentionally false when made.**

To amount to a fraud within Rev. St. art. 1830, exception 7, as to venue of actions involving fraud, a promise to perform must have been intentionally false at the time when made.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by Pat Holbert and another against Walker D. Hines, Director General of Railroads, and operating the Fort Worth & Denver City Railway Company and J. B. Alvis. From an order overruling the plea of de-

fendant J. B. Alvis to be sued in the county of his domicile, he appeals. Order set aside, and case transferred.

Martin & Oneal, of Wichita Falls, Preston Martin, of Weatherford, and Ernest May, of Fort Worth, for appellant.

Wayne Somerville, of Wichita Falls, for appellees.

CONNER, C. J. [1] This suit was originally instituted in the county court of Wichita county against Walker D. Hines, Director General of the Fort Worth & Denver City Railway Company, for damages. Later, by an amendment, the appellant J. B. Alvis, was made a party defendant.

As the case was presented upon the trial. it was alleged that the plaintiffs, Holbert and Squires, had purchased from the defendant J. B. Alvis 29,620 pounds of watermelons of the reasonable value of $222.25, and 100 bushels of pears of the value of $65, all of the total value of $287.25. It was further alleged that the contract was oral, and that by the terms of the purchase the defendant Alvis was to deliver to the plaintiffs the melons and pears contracted for and purchased at Wichita Falls in a good, sound, and merchantable condition. It was further alleged that there was negligent delay in the transportation, and that upon the arrival of the melons and pears at Wichita Falls they were found to be in a decayed and unsalable condition, to such an extent that the sanitary officer at Wichita Falls condemned them and they were destroyed. It was further alleged that the shipment had been made with draft attached to the bill of lading, and that plaintiffs had been required to pay the draft and did pay it in order to obtain possession of the car.

The defendant Alvis pleaded his privilege to be sued in Parker county. The plea was and is in due form, under the statutes, but was controverted by the plaintiffs. The controverting affidavit alleged the facts substantially as stated in the amended petition and further:

"That the defendant J. B. Alvis and Walker D. Hines, Director General of the Fort Worth & Denver City Railway Company, are bona fide codefendants in said action, and the said Walker D. Hines, Director General of the Fort Worth & Denver City Railway Company, has an agent in Wichita county, Tex., to wit, Q. M. Smith, and the main line of said railway runs through said county, and plaintiffs have the right under the law to sue both defendants in the county where either may be sued or where either resides or has a domicile.

"That the contract made with defendant J. B. Alvis was made and consummated, the fruit and melons delivered to Wichita Falls, Wichita county, Tex., under the control of defendant Alvis, shipped to plaintiffs subject to shipper's orders, and delivered to plaintiffs upon payment of draft, and said draft was paid by plaintiffs in Wichita county, Tex., and plaintiffs have the right under the law to sue in the county where said contract was executed.

"Wherefore plaintiffs pray that defendant J. B. Alvis' plea of privilege be overruled, and that said cause of action be permitted to go to trial in the county court at law, Wichita county, Tex."

The plea of privilege was tried by the court, and we have before us his conclusions relating to the subject. Omitting formal parts, they are as follows:

"In the latter part of September, 1919, plaintiffs, Pat Holbert and W. E. Squires, went to Weatherford, Parker county, Tex., for the purpose of buying a carload of melons and pears, and while in Weatherford entered negotiations with J. B. Alvis, defendant, who resides in Weatherford, Parker county, Tex., and has resided there for a number of years and has never resided in Wichita county, Tex.; that while in Weatherford they reached a partial agreement as to the purchase of said car of melons and pears; and that said agreement was consummated over the phone from Gorman, Tex., and was a verbal contract.

"That said agreement was that defendant J. B. Alvis would sell to and deliver to Pat Holbert and W. E. Squires at Wichita Falls, Wichita county, Tex., 100 bushels of pears at 65 cents per bushel and car of melons at 75 cents per 100 pounds, and that Holbert and Squires were to pay the freight; that said melons and pears were to be delivered to Holbert and Squires in good, sound, merchantable condition at Wichita Falls, Tex.; that Holbert and Squires paid J. B. Alvis $70 in advance on said contract before J. B. Alvis shipped said car, and that said car was shipped to them at Wichita Falls, 'consigned to J. B. Alvis, notify Pat Holbert,' and was subject to the order and control of J. B. Alvis, and that Holbert could not get possession of said car legally without first paying the draft for balance due on contract together with freight charges, which draft came to the National Bank of Commerce of Wichita Falls, with bill of lading attached; that Holbert and Squires paid said draft and gained possession of said bill of lading as soon as said car and said bill of lading arrived and opened said car as soon as possible after its arrival in Wichita Falls, Tex., and found same in bruised, decayed, and rotten condition, unsalable, and that same was condemned by the city health officer of Wichita Falls, and was a complete loss to Holbert and Squires.

"I further find that said shipment was made from Fort Worth, Tex., to Wichita Falls, Tex., over the Fort Worth & Denver City Railroad; that said railroad runs through Wichita county, Tex.,; that Walker D. Hines was Director General of said Fort Worth & Denver City Railway Company at the time said shipment was made; and that Q. M. Smith was local agent for Walker D. Hines and for said railway company, in Wichita county, Tex., at the time of said shipment and at the time of filing of this suit.

"I find that a reasonable time in which said shipment could be made from Weatherford, Tex., to Wichita Falls, Tex., a distance of some 145 miles, to be from 48 to 60 hours, and that the time said shipment was on the road, to

wit, from October 1st to October 6th, the date of its arrival in Wichita Falls, was about 144 hours; that said Holbert and Squires were supposed to pay said draft which came attached to bill of lading to said car before the railroad was to deliver possession of said car and contents to them; that Holbert and Squires received 29,620 pounds of melons and 100 bushels of pears and paid $88.16 freight charges, making a total amount of $372.31 spent by them on said transaction.

"I further find that said car of melons and pears was placed in car by J. B. Alvis in fair condition, and that the handling of said shipment by said railroad contributed to its complete decay and destruction, and, further, that while fraud is not set out eo nomine in plaintiffs' petition, facts constituting fraud are alleged which, if true, are sufficient to sustain cause of action for fraud.

### "Conclusions of Law.

"(1) Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides, suits against a railroad corporation or against any assignee, trustee, or receiver operating its railway may be brought in any county through or into which the railroad of such corporation extends or is operated.

"(2) In all cases of fraud suit may be instituted in the county in which the fraud was committed. In alleging fraud it is not necessary to allege it eo nomine, but to allege the facts constituting fraud is sufficient."

The plea was accordingly overruled, and defendant Alvis has appealed from the order.

We are of the opinion that the court erred in thus overruling the plea. The valuable privilege of being sued in the county of one's residence has, with certain exceptions, been secured by article 1830, Rev. Statutes, and it has often been held that, in order to entitle the plaintiff to sue in a county other than the residence of defendant, such defendant must be brought within one of the exceptions. There are some 29 exceptions to article 1830. Exception 4, which seems to be the principal reliance of appellees in this case, provides, in so far as now relevant, that—

"where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides."

[2] It is insisted that, inasmuch as Walker D. Hines was properly suable in Wichita county, appellant, Alvis, might also be there sued by virtue of this exception. But, in answer to this contention, we think it must be said that it was not shown either by the plaintiffs' allegations in their petition, in their controverting affidavit, or by proof that Walker D. Hines or the Fort Worth & Denver City Railroad resided in Wichita county, within the meaning of this exception. It is not pretended that the domicile of Walker D. Hines was in Wichita county, and the fact that the railway line of the Fort Worth & Denver City Railroad Company extended into and through Wichita county and that that company had an agent therein does not show the domicile of the company was there.

Article 6437, V. S. Tex. Civ. Statutes, provides that "the public office of a railroad corporation shall be considered the domicile of such corporation," and the word "domicile," as used in this article, is synonymous with the word "residence," as used in exception 4, above quoted. See Railway Co. v. McKnight, 99 Tex. 289, 89 S. W. 755; T. & P. Ry. Co. v. Edmisson (Tex. Civ. App.) 52 S. W. 635.

[3] Appellees insist that the burden was upon the defendant Alvis to show that the domicile of the Fort Worth & Denver City Railway Company was not in Wichita county, but we think it must be held otherwise, under the amended statute relating to that subject. See Ray v. Kimball Co. (Tex. Civ. App.) 207 S. W. 35; Reece v. Langley (Tex. Civ. App.) 230 S. W. 509.

[4] Exception 5 provides that, where a person has "contracted in writing to perform an obligation in any particular county," the suit may be brought either in such county or where the defendant has his domicile. But appellant's case cannot be brought within the purview of this exception, for his contract to deliver the merchandise in question in Wichita county was an oral contract, and not a written one.

[5, 6] Another exception, to wit, exception 7, provides that in cases of "fraud" a defendant may be sued in the county where he committed the fraud or in the county of his domicile. But this case cannot, we think, be brought within the purview of that exception. It was neither alleged, shown, nor found that the appellant at the time of his promise to deliver the melons and pears in Wichita county in good condition was without bona fide intent to do so. Indeed, the findings indicate the contrary to be the case. It was found that appellants delivered the melons and pears to the railroad company at Weatherford for shipment in a fair shipping condition. To amount to a fraud, the promise to perform must have been intentionally false at the time made. See Railway Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Barnes & Mitchell v. Campbell (Tex. Civ. App.) 179 S. W. 444; Burchill v. Hermsmeyer (Tex. Civ. App.) 212 S. W. 767.

No other exception than those hereinbefore referred to can, with any degree of plausibility, be invoked in aid of the court's judgment, and, it appearing that the plaintiffs have failed to bring their case within any one of the exceptions noted, the plea of privilege must be held to be good.

It is accordingly ordered that the order of the court overruling appellant's plea of privilege be set aside, and the case as against appellant be transferred to the county court of Parker county.

⊶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes