**HILL et al. v. JOHN W. HUNT & SON.**
**(No. 2191.)**

Court of Civil Appeals of Texas. El Paso.
Nov. 28, 1928.

On Rehearing, Jan. 10, 1929.

Ramey & Davidson, of Sulphur Springs, for appellants.

Wallace, Taylor & Vickrey, of Dallas, for appellees.

WALTHALL, J. Appellees, John W. Hunt & Son, brought this suit in Dallas county, Texas, against appellants, C. R. Hill and J. T. Harper, residents of Franklin county, Texas, and the St. Louis Southwestern Railway Company, a railway corporation, alleged to have an agent in Dallas county, to recover $230, alleging that on November 4, 1925, they purchased 40 bales of cotton, which appellants represented to be in good condition; that the cotton was to be shipped to appellees' order with draft attached to bill of lading; that the cotton was delivered to the said railway company, which issued its standard form of bill of lading consigning the cotton to appellants' order at Galveston, Tex., the bill of lading certifying that the cotton was in good condition, and attached to the bill of lading was a certificate of the Western Weighing & Inspection Bureau that said cotton was in good condition; that appellees obtained possession of the bill of lading by paying the draft at Dallas, Tex.; that appellees relied upon the representations as to the condition of the cotton, the recitals of the bill of lading and the certificate of the Bureau as to the condition of the cotton when they paid the draft; that the representations, recitals, and certificate as to the condition of the cotton were false, in that the cotton was wet, stained, sample cut, and in bad condition at time of shipment, all of which was known to appellants and the railway company; that on account of the condition of the cotton it was necessary to recondition and recompress the cotton, at a loss to appellees of the amount sued for, for which they sought judgment.

The petition alleged that appellants and the railway company acted in collusion and a conspiracy in perpetrating the fraud on appellees. Appellees pleaded in the alternative that, in the event no collusion was shown, it was the custom in transactions of that nature, known to all parties, that the purchaser would rely upon the recitations in the bill of lading and weighing certificate, and that the railway company was guilty of negligence in issuing the bill of lading without noting the exception as to the condition of the cotton, and that such negligence was the proximate cause of appellant's damages.

In a second count the railway company is

charged with negligence in handling the cotton in transportation, causing the damages to the cotton. This count alleges no cause of action against appellants.

Appellants filed a verified plea of privilege to be sued in Franklin county, the county of their residence. The plea was controverted. On the hearing of the plea it was agreed that appellant's residence was and at all times has been in Franklin county. The controverting affidavit alleged that the said railway company is a carrier of freight, doing business in Texas and having an agent in Dallas county, Texas, and that the suit arises from damages to and in the transportation of freight and contract in relation thereto; that appellants are properly suable in Dallas county, because there is a joint cause of action against appellants and the said railway company, and that appellants are necessary parties to said suit, since the relief sought by appellees against appellants grows out of the same transaction, and alleging the law to be that, whenever there are two or more defendants in any suit, brought in any county in the state, and such suit is maintainable therein under the provisions of article 1995, Rev. St., as to any of such defendants, then and in such event suit may be maintained in such county against any and all necessary parties thereto.

The court overruled appellants' plea, and the only question prosecuted on the appeal is as to the correctness of that ruling.

### Opinion.

■ Article 1995 of our Revised Civil Statutes of 1925, provides that: "No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases." The venue of the suit against appellants cannot be maintained in Dallas county, under subdivision 4 of the above article, unless it is alleged and shown that one of the defendants resides in that county. Admit that the railway company is properly suable in Dallas county, it is because, as alleged, it has an agent in that county, and not because its residence is in that county.

■ Article 6287, R. C. S. 1925 (formerly 6437), provides:

"*Domicile of the Corporation.*—The public office of a railroad corporation shall be considered the domicile of such corporation."

"Domicile," as used in the above statute, denotes the residence, and should be treated as synonymous with the word "residence" as used in subdivision 4 of article 1995, R. C. S. St. Louis Southwestern Railway Co. v. McKnight, 99 Tex. 289, 89 S. W. 755, and cases cited; Alvis v. Holbert (Tex. Civ. App.) 238 S. W. 730, and many other cases that might be cited.

■ It is agreed here, and appellants so pleaded, that appellants each have their domicile—that is, residence—in Franklin county. It is not alleged that any of the several acts complained of as constituting the fraud complained of were committed in Dallas county, so that the only contention that could be made to maintain the venue in Dallas county as to appellants is in the construction to be given section 29a of article 1995, R. C. S., as added by Gen. and Sp. Acts 40th Leg. 1st Called Sess. c. 72, § 2, and in the construction of that subdivision of the article to hold that appellants were necessary parties to the suit.

In Wool Growers' Central Storage Co. v. Edwards, 10 S.W.(2d) 577, recently decided by this court, we had occasion to construe that subdivision of the statute on the question of venue, and in which Judge Higgins, speaking for this court, after reviewing many authorities, said: "In our opinion it is wholly inadmissible to say that appellant was a necessary party to the suit."

The case is reversed and remanded, with instructions to change the venue of the suit, as to appellants, to Franklin county.

### On Motion for Rehearing.

In the opinion it is said:

"It is not alleged that any of the several acts complained of as constituting the fraud complained of were committed in Dallas county, so that the only contention that could be made to maintain the venue in Dallas county as to appellants is the construction to be given section 29a of article 1995, R. C. S., as added by Gen. and Sp. Acts 40th Leg. 1st Called Sess. c. 72, § 2."

Appellee complains of the above and says that the "fraud question," in the opinion of counsel for appellee, was the only meritorious question involved. We had gotten the idea from the oral arguments that the construction to be given section 29a of article 1995, as added by Gen. and Sp. Acts, 40th Leg. 1st Called Sess. c. 72, § 2, was the one upon which appellee thought to hold the venue in Dallas county.

However that may be, the fraud issue was well briefed by appellees, and we will consider it more fully. The trial court states in the judgment that the parties agreed in open court, for the purpose of the hearing on the plea of privilege, that "all the material allegations of the plaintiff's petition and controverting plea" were true, and upon such agreed statement overruled appellant's plea to be sued in the county of their residence.

■ Omitting the formal parts of the controverting pleas it is as follows:

I. "That plaintiffs in their original petition filed herein, which same is hereby referred to and made a part of this plea for all purposes as if specially set out herein, alleged and now allege that the said defendants Hill and Harper acting in collusion with the defendant St. Louis Southwestern Railway Compa-

ny of Texas, had issued a certain shipper's order bill of lading, which acted as a receipt for the therein described certain bales of cotton, as being in good condition without exceptions. That the said Hill and Harper then sold the said bill of lading and the cotton called for by the same to the plaintiffs herein. And the plaintiffs further alleged, and here allege in the alternative, that if the said defendants Hill and Harper, and the said railway company, negligently issued a bill of lading certifying that the said cotton was in good condition without exception, and that by reason of such facts the said defendants were jointly liable to the plaintiffs, and all such allegations are true and correct."

II. "That this court has venue of this suit because the defendant St. Louis Southwestern Railway Company of Texas is a carrier doing business in the state of Texas, and having an agent and representative in Dallas county, and this suit arises from damage to freight and by reason of its transportation, and a contract in relation thereto, that the said defendants Hill and Harper are properly suable in Dallas county, because there is a joint cause of action against said defendants and St. Louis Southwestern Railway Company of Texas, and the said Hill and Harper are necessary parties to the said suit, since the relief sought by the plaintiffs as against all of said defendants grows out of the same transaction, and the law is that whenever there are two or more defendants in any suit, brought in any county in this state, and such suit is lawfully maintainable therein under the provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

"Wherefore, premises considered, plaintiffs pray that such plea of privilege be overruled.

"Wallace & Taylor,
"Attorneys for Plaintiffs."

The plea is verified.

It will be noted that the reference in the plea to the statement in the petition, and made a part of the plea, is that Hill and Harper, acting in collusion with the railway company, "had issued a certain shipper's order bill of lading, which acted as a receipt for the therein described certain bales of cotton as being in good condition without exceptions; that the said Hill and Harper then sold the said bill of lading and the cotton called for by the same to the plaintiffs herein."

The statute, subdivision 7 of the venue statute, provides that, to fix the venue of the suit in a county other than that in which appellants have their domicile, the facts must show a case of fraud, and when fraud is shown the suit may be brought in the county in which the fraud was committed, or where the defendant has his domicile. Subdivision 5 of the venue statute, article 1995, provides that, if a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile.

Under subdivision 7 of the venue statute, appellee refers us to Landa v. Hunt (Tex. Civ. App.) 45 S. W. 860, in which Judge Fisher said that if the defendants, residing in Wichita county, drew a draft upon the plaintiff, based upon a false claim, with the intention of deceiving and defrauding the plaintiff, and intending that the draft should be paid in Comal county, this, upon payment of the draft, would be a fraud in law, and the statute would give jurisdiction in the county where the fraud was perpetrated; the final act thereof being the presentation to and payment by the plaintiff in the county of his residence. We do not consider the Landa v. Hunt Case in point, since the controverting plea nowhere mentions the drawing of a draft on appellee or the payment of a draft in Dallas county. The drawing of the draft, or the sending of the draft to the Dallas Bank, or its payment by appellee, is not stated in the controverting plea. The controverting plea says that Hill and Harper had issued a certain shipper's order bill of lading, which acted as a receipt for the therein described bales of cotton as being in good condition without exceptions, and that Hill and Harper then sold the said bill of lading and the cotton called for by the same to appellee. From the admission in open court of said facts, we consider them as proved; but the controverting plea does not allege that said facts occurred in Dallas county, and we cannot presume they did.

The facts, as alleged in the petition, as admitted are considered only as establishing the facts alleged in the controverting plea. By what we said in the opinion as to the suit against the railroad company, joined as parties in the suit, we meant only to say that, in our opinion, the joining of the railroad company in the suit did not of itself have the effect to fix the venue of the suit as to appellants in Dallas county.

The motion for rehearing is overruled.