**MERCHANTS FAST MOTOR LINES, Inc., et al. v. LEVENS.**

No. 5435.

Court of Civil Appeals of Texas. Amarillo.

April 13, 1942.

Rehearing Denied May 11, 1942.

Rawlings, Sayers & Scurlock, of Fort Worth, for appellants.

Burton S. Burks and Victor H. Lindsey, both of Lubbock, for appellee.

JACKSON, Chief Justice.

The plaintiff, Jess C. Levens, instituted this suit in the District Court of Lubbock County against the defendants, Merchants Fast Motor Lines, Inc., hereinafter called the Merchants company, and Sproles

854

Motor Freight Lines, Inc., hereinafter designated the Sproles company, to recover against the defendants the sum of $1,333.32. The cause of action consisted of an alleged agreement between plaintiff and the defendants by the terms of which the professional services of the plaintiff were engaged by the defendants to represent them in certain matters pending before the Railroad Commission of Texas. The general provisions of the agreement stipulated that the defendants were to pay to the plaintiff a reasonable attorney's fee for his services together with all the necessary expenses incurred by him for the defendants in the discharge of his professional services; that he performed the services as agreed and incurred necessary expenses for the benefit of the defendants which, with a reasonable fee, aggregated the sum above specified which the defendants have failed and refused to pay to plaintiff's damage in said amount.

Each of the defendants in due time and in proper form filed its plea of privilege praying that the suit be removed to the District Court of Tarrant County where each of the defendants asserted it maintained its principal place of business which constituted its domicile.

The plaintiff filed his controverting affidavit to these pleas in which he stated that the Merchants company had an agent in Lubbock County, Texas, and that the district court of said county had venue of the cause of action against said company by reason of subdivision 23 of article 1995, Vernon's Annotated Texas Civil Statutes.

In the controverting affidavit to the plea of privilege filed by the Sproles company the plaintiff sought to maintain venue in Lubbock County by virtue of subdivision 4 of said article.

On a hearing before the court each of the pleas of the defendants was denied and from this action this appeal is prosecuted.

The appellants assign as error the action of the court in overruling the plea of privilege of the Sproles company because the plaintiff had neither alleged nor proved that its co-defendant, the Merchants company, had its residence or principal place of business in Lubbock County, Texas.

The court found that each of the appellants was a corporation and that the Merchants company had an agent and representative in Lubbock County at the time the suit was filed; that plaintiff had a joint cause of action against the two companies and as he was entitled to maintain venue in Lubbock County against the Merchants company because it had an agent there, he was authorized to maintain suit against the Sproles company in said county.

Article 1995 provides that: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases."

One of the exceptions, subdivision 23, relied on by appellee to maintain the venue against the Merchants company in Lubbock County, so far as material to this appeal, is: "Suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation * * * has an agency or representative, or in which its principal office is situated."

Under the facts and exception 23, the District Court of Lubbock County was authorized to maintain venue against the Merchants company had it been the only defendant but in order to hold the Sproles company in Lubbock County the appellee urged subdivision 4 of article 1995, which is, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

The appellee, in order to maintain venue in Lubbock County, had the burden to specifically plead and prove the exceptions to the venue statute upon which he relied, but he failed to plead or prove that the Merchants company had its principal place of business in Lubbock County. It is apparently the settled law that the residence or domicile of a corporation, domestic or foreign, is where it maintains its principal place of business.

In Sanders v. Farmers' State Bank of Mexia et al., Tex.Civ.App., 228 S.W. 635, 636, it is said: "A corporation's residence, in legal contemplation, is the place where it maintains its office and transacts its business—its principal place of business. Its place of residence is the place where its corporate affairs are conducted, and we think such place is, and must be, understood to be and mean its principal place of business. We know of no authority in conflict with this view. On the contrary, the decisions support it. Harris [& Co.] v. [C. B.] Cozart [Grain] Co. [Tex.Civ.App.] 178 S.W. 733; [Chicago, D. & V. R. Co.] Railway Co. v. Bank, 82 Ill. [493], 495;

Plummer [-Lewis Co.] v. Francher, 111 Miss. 656, 71 So. [907], 908."

See, also, Pittsburg Water Heater Co. of Texas v. Sullivan et al., 115 Tex. 417, 282 S.W. 576; Hill et al. v. John W. Hunt & Son, Tex.Civ.App., 12 S.W.2d 638; 11 Tex.Jur. 48, par. 398.

The fact that the Merchants company had an agent and representative in Lubbock County did not constitute that county its principal place of business and inasmuch as the principal place of business constitutes the abode or residence of a corporation, the appellee failed to show by pleading or proof that the Merchants company was a resident of the county as provided in subdivision 4 above quoted and he could not maintain venue against the Sproles company under said subdivision which he admits in his brief hereinafter shown.

The appellants assail as error the action of the court in maintaining venue in Lubbock County against the appellants because there was a joint cause of action against the two defendants and the Sproles company was entitled to have its plea of privilege sustained and the case against it transferred to Tarrant County and such transfer would have required the transfer of the case against the Merchants company to Tarrant County.

The rule appears to be that where a joint and several cause of action is alleged against more than one defendant the sustaining of a plea of privilege for one of the defendants operates only to transfer the case as to such defendant, Comer et al. v. Brown, Tex.Com.App., 285 S.W. 307, but the rule where the cause of action is joint against two or more defendants is that sustaining the plea of privilege on the application of one of the defendants has the effect of transferring the entire case, including the subject matter and all the parties to the place where the defendant filing the plea is entitled to have it tried.

In Hickman v. Swain et al., 106 Tex. 431, 167 S.W. 209, 210, in which the Supreme Court was considering a case in which the liability was joint, we find this language: "The granting of the plea of privilege had the effect to transfer to Knox county the case entirely as to parties and subject-matter of the suit and plea of defendants over against plaintiff."

See, also, Rule No. 89 of Practice and Procedure in Civil Actions; Comer v. Brown, supra; 3 Tex.Jur. 1159, par. 815.

The appellee in his brief says that he seeks to maintain this suit in Lubbock County against the Merchants company under the terms of subdivision 23, article 1995, and does not rely upon subdivision 4 of that article to hold venue as to either of the appellants but relies upon subdivision 29a of said article to retain venue against the Sproles company; that the suit is a joint cause of action and properly brought against the Merchants company in Lubbock County and the Sproles company is a necessary party to the suit, then the venue of the suit may also be maintained against the Sproles company in Lubbock County.

It will be noted that this is an abandonment of section 4 relied upon in appellee's controverting affidavit to the plea of privilege filed by the Sproles company and he cannot for the first time rely on section 29a in this court for the reason that Rule 86, Vernon's Texas Rules of Civil Procedure, page 129, provides in part: "If the plaintiff desires to controvert the plea of privilege, he shall within ten days after appearance day file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

In Victoria Bank & Trust Co. v. Monteith et al., Tex.Com.App., 158 S.W.2d 63, 66, in answer to a certified question, the Supreme Court, speaking through Commissioner Smedley, says that to overcome the plea of privilege " * * * all of the decisions * * * mean that the plaintiff * * * must prove as well as specifically plead the venue facts upon which he relies."

The rule and said opinion are conclusive that appellee cannot rely on any exception to the venue statute which he has not specifically alleged in his controverting affidavit and sustained by proof.

The judgment of the trial court is reversed, with instructions to transfer the entire case to the District Court of Tarrant County, Texas.