Virginia Mae **CHESBROUGH** et vir., Appellants,

v.

The STATE of Texas, Appellee.

No. 14953.

Court of Civil Appeals of Texas, San Antonio.

March 24, 1971.

Tinsman & Houser, Inc., San Antonio, for appellants.

Crawford C. Martin, Atty. Gen., Louis G. Neumann, Asst. Atty. Gen., Austin, for appellee.

BARROW, Chief Justice.

A venue action. Appellants, Virginia Mae Chesbrough and husband, Justin Chesbrough, residents of Harris County, Texas, have perfected their appeal from an order entered after a non-jury trial overruling their pleas of privilege. State urges that these defendants may be sued in Bexar

County under Subdivision 4, Article 1995, Vernon's Annotated Civil Statutes,[1] because another defendant, Lillian M. Pirtle, resided in Bexar County when the original petition was filed on July 23, 1965. Appellants were not brought into the suit until State filed its Third Amended Original Petition on March 21, 1969; and at that time, according to its own allegation, the defendant, Mrs. Pirtle, was then a resident of Harris County, Texas, and no defendant resided in Bexar County. The basic question presented is whether venue is established against these defendants as of the time the suit was filed against them or at the time the suit was originally filed against other parties.

The background of this case presents a tragic example of such unexplained delay as to almost guarantee that justice cannot be had by any party to this proceeding. On January 29, 1959, State filed two condemnation proceedings against Pirtle Lumber Company, a Texas corporation. Pursuant to the awards of the Special Commissioners, State deposited the total sum of $40,000 with the County Clerk of Bexar County and said sum was withdrawn by condemnee, Pirtle Lumber Company, in 1959. On April 30, 1963, and May 13, 1963, judgments were entered by the Bexar County Court at Law No. 2, whereby State recovered from Pirtle Lumber Company the total sum of $26,648.94, being the difference in the awards of the Special Commissioners and the jury verdicts in the appeals from such awards. In the meantime, Pirtle Lumber Company had ceased to do business; and on August 28, 1963, executions issued on these two judgments were returned "nulla bona" and the judgments were duly abstracted.

On July 23, 1965, State filed suit against Pirtle Lumber Company, E. E. Pirtle, and wife, Lillian M. Pirtle, wherein it was alleged that Pirtle Lumber Company was the alter ego of defendants, E. E. and Lillian M. Pirtle, in that they owned and controlled all assets of Pirtle Lumber Company. It was alleged that on February 17, 1960, E. E. Pirtle, Lillian M. Pirtle, and their daughter, Virginia M. Chesbrough, being the directors of Pirtle Lumber Company, passed a resolution granting E. E. Pirtle a dividend of land which constituted substantially all the assets of Pirtle Lumber Company and rendered the latter insolvent. State accordingly, sought to hold E. E. Pirtle and Lillian M. Pirtle personally liable for its judgment against Pirtle Lumber Company. In July of 1966, E. E. Pirtle died and Lillian M. Pirtle was subsequently sued in her capacity as independent executrix and sole heir of deceased. The Third Amended Original Petition, filed in 1969, sought judgment against appellants also under Article 1347 (1925),[2] and Articles 2.3 a and 2.41 A (1) of the Business Corporation Act, V.A.T.S. based on the alleged act of Mrs. Chesbrough as director in voting an improper dividend to E. E. Pirtle.

We have found no case squarely in point. Rule 37, Texas Rules of Civil Procedure, which was formerly Article 1992 (1925),[2] and Articles 2.3 A and 2.41 A (1) or proper parties upon such terms as the court may prescribe. It has been held that such article does not refer to the subject of venue, and a person cannot be brought into a case unless he be liable to be sued upon that cause of action in that county. St Louis Southwestern Ry. Co. v. McKnight, 99 Tex. 289, 89 S.W. 755 (1905).

It is established as a general rule that it is the place of residence at the time the case is filed that controls the venue issue. Haney v. Henry, 307 S.W.2d 649 (Tex.Civ.

---

1. The Subdivision 4 venue facts are: (I) one defendant resides in the county of suit; (II) the party asserting his privilege is at least a proper party to the claim against the resident defendant; and (III) the plaintiff has a bona fide claim against the resident defendant. 1 McDonald, Texas Civil Practice, Section 4.10.2 (1965).

2. Repealed, Acts 1961, 57th Leg. p. 458, Ch. 229, Sec. 1 Eff. August 28, 1961.

App.—Amarillo 1957, no writ); Wood v. Texas & P. Ry. Co., 213 S.W.2d 101 (Tex. Civ.App.—El Paso 1948, no writ); 59 Tex. Jur.2d, Venue, Section 4. It is seen, however, that this general rule has application to a situation presented where the defendant filing the plea of privilege attempts to change his residence after the suit is filed.

 Rule 65, T.R.C.P., provides in effect that, subject to certain exceptions not applicable here, an amended pleading supersedes and supplants the original pleading. Thus, parties to a suit are just as effectively dismissed from the suit by omitting their names from amended pleadings, as if a formal order of dismissal as to them had been entered. King v. Air Express International Agency, Inc., 413 S.W.2d 838 [Tex.Civ.App.—Houston (1st) 1967, no writ]; Brennan v. Greene, 154 S.W.2d 523 (Tex.Civ.App.—San Antonio 1941, writ ref'd). See also: West Texas Equipment Company v. Walker, 417 S.W.2d 864 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.). Furthermore, where a party defendant is added to the suit by an amended pleading, the statute of limitations is tolled as to him at the time he was brought into the suit, not when the original pleading was filed. First State Bank & Trust Co. v. Ramirez, 133 Tex. 178, 126 S.W.2d 16 (1939); 37 Tex.Jur.2d, Limitation of Actions, Sec. 118.

We conclude that where a party is brought into a suit by an amended petition, the venue facts as to such new party are properly established as of the time the amended petition is filed. Here State's Third Amended Original Petition brought appellants into the case for the first time. The same pleading alleged that defendant, Lillian M. Pirtle, was a resident of Harris County, and there was no defendant alleged to be a resident of Bexar County at such time. Accordingly, the trial court erred in holding that venue could be maintained against appellants under Subdivision 4, supra.

The order overruling appellants' pleas of privilege is reversed and the cause remanded for entry of a judgment transferring the suit against appellants to Harris County, Texas.