**WAGNER v. J. B. COLT CO.   (No. 724.)**

(Court of Civil Appeals of Texas.   Beaumont. Nov. 17, 1921.)

**1. Pleading ⊛8(20)—Facts showing how pleader was damaged and extent thereof must be alleged.**

It is incumbent upon one pleading damages to allege facts showing how he was damaged and the extent thereof, and a mere pleading of a conclusion that he was damaged in the sum of $500 by plaintiff's breach of contract is insufficient.

**2. Principal and agent ⊛132(1)—Seller's agent's breach of his separate agreement to install plant sold will not defeat action for price.**

Where a contract for purchasing a lighting system was full and complete, and separate in legal contemplation from seller's agent's contract to install it, the buyer cannot defeat the seller's action for the price on the ground that the agent breached his contract to install; there being no allegation of fraudulent purpose on the part of seller's agent as to his intending not to carry out the promise when making agreement, although there were general allegations of fraud and misrepresentation.

**3. Fraud ⊛12—Promise of future performance not actionable.**

As a general rule, a promise to perform an act in the future will not amount to legal fraud, although such promise may have been the inducement for the contract, and although the promise may have been totally breached.

**4. Contracts ⊛94(6)—Promissory representations do not avoid contract unless intended to be broken.**

Generally, a contract cannot be avoided for fraud when a party is induced to execute it by promise or agreement to do something in the future, unless when the promise is made the promisor has no intention of fulfilling it, and makes the same for the fraudulent purpose of inducing the contract.

Appeal from District Court, Nacogdoches County; J. M. Marshall, Judge.

Action by the J. B. Colt Company against J. F. Wagner for breach of a contract in which defendant brought a cross-action for damages. Plaintiff's exception to answer was sustained, and the defendant appeals. Judgment affirmed.

Hodges & Greve, of Nacogdoches, for appellant.

Arthur A. Seale, of Nacogdoches, for appellee.

HIGHTOWER, C. J. The appellee, J. B. Colt Company, filed this suit against appellant, Wagner, in the county court of Nacogdoches county, upon a written contract, under the terms of which appellant agreed to purchase from appellee a lighting plant system, for which appellant agreed to pay appellee, as per terms of the contract, $315.15.

Appellant answered by plea of failure of performance by appellee of a written contract entered into by appellee's agent, under the terms of which last-mentioned contract said agent promised and bound appellee to install the lighting system for appellant for a consideration of $33. Appellant alleged, substantially, that he would not have entered into the written contract for the purchase of the lighting system had it not been for the other contract, which was also in writing and made at the same time by appellee's agent, and which appellant claims bound appellee to install the fixtures in order to give validity to or make enforceable the contract for the purchase price of the lighting system. Appellant alleged, substantially, in this connection, that he did not know, nor did any one else in that vicinity know, how to install this lighting system, and that he so informed appellee's agent at the time of the purchase of the system, and that he was induced to purchase the lighting system by the promise on the part of appellee's agent that he would install the system for an additional consideration of $33; that such promise on the part of appellee's agent proved to be false and fraudulent, and that he did not install said lighting system plant or offer to do so until it was too late; that at the time of the transaction between the parties appellant was constructing a house, and it was understood between him and appellee's agent that the lighting system or plant would have to be installed when the building had reached a certain stage of construction, and that appellee's agent well understood this, but that when appellant called upon appellee's agent and told him that the house was ready for the plant to be installed, appellee's agent put him off from time to time until the building had proceeded so far that the plant could not be installed, and that appellant thereupon bought a new lighting system at the price of $750, and had that installed in his building. Upon these facts he pleaded that there was no liability on his part to pay for the lighting system as he had agreed, and, further, by way of cross-action he claimed damages in the sum of $500. He did not specify how he was damaged, not a single fact being alleged showing any damage, but the mere conclusion of the pleader was stated that he had been damaged $500. To this cross-action appellee specially excepted, on the ground that no fact or facts were stated showing how or in what manner or to what extent appellant was damaged by reason of the failure on the part of appellee's agent to install the plant, and this special exception was sustained, and appellant excepted.

[1] Speaking first to the cross-action: There was no error in the action of the trial

court in sustaining this special exception. It was incumbent upon appellant to state the facts showing how he was damaged, if he was, and the extent thereof, and it was not proper pleading on his part merely to state that he had been damaged in the sum of $500 by the failure on the part of appellee's agent to carry out the contract for installing the plant.

[2, 3] Nor can the appellant defeat liability under his written contract to purchase and pay for the lighting system merely upon the ground that appellee's agent failed to carry out and perform the other contract, by which the agent agreed to install the system for $33, as claimed by appellant. The contract for the purchase of the lighting system was a full and complete and separate contract, in legal contemplation, from the contract to install the plant, and was clearly divisible and apart from the installing contract. There was no allegation in appellant's answer to the effect that at the time the second contract was entered into there was any fraudulent purpose on the part of appellee's agent, that is to say that the agent, at the very time he made the promise to install the lighting plant, had no intention of carrying out his promise, and that he made it merely for the purpose of inducing appellant to enter into the contract of purchase. There are general allegations of fraud and misrepresentation on the part of appellee's agent, but it is plain that these are based upon the failure of appellee's agent to carry out the contract by installing the plant for the compensation agreed upon. As a general rule, a promise to perform an act in the future will not amount to fraud, in legal contemplation, although such promise may have been the inducement to the execution of a contract between parties, and although the promise may have been totally disregarded and breached. Lott, Town & Improvement Co. v. Harper, 204 S. W. 452.

[4] On the other hand, it is held, generally that a contract cannot be avoided on the ground of fraud when a party is induced to enter into its execution by a promise or agreement to do something in the future, unless at the very time such promise is made the promisor has no intention of fulfilling it, and makes the same for the fraudulent purpose of inducing the execution of the contract by the other party. Railway Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Long v. Calloway, 220 S. W. 414. As we said above, there is no specific allegation in appellant's answer in this suit to the effect that at the time appellee's agent agreed to install the lighting plant for the sum of $33 he had no intention of complying with such agreement, and made the same merely for the purpose of inducing appellee to enter into the contract of pur-

chase; and, if there had been such pleading, the evidence in this case, as developed by the record, would not have sustained it.

From these conclusions, it follows that this court is of the opinion that the trial court did not err in sustaining exceptions to appellant's cross-action, nor did the trial court err in awarding judgment in favor of appellee for the purchase price of the lighting system. This, in effect, disposes of all assignments.

The judgment will therefore be affirmed.