**FROST et al. v. THOMAS et al. (No. 1288.)**

(Court of Civil Appeals of Texas. El Paso. Feb. 16, 1922.)

1. **Contracts** ☞94(6)—**Promises generally not fraud.**

Promises to do something in the future cannot, as a general rule, be made the basis of fraud avoiding a contract, especially where the parties afterwards put their agreement in writing.

2. **Contracts** ☞94(6)—**Promises not intended to be kept may be fraudulent.**

Where a party made a promise to perform some act in the future for the purpose of inducing another to enter into a contract, at the time intending not to keep the promise, such promise was a fraudulent misrepresentation which entitles the other party to avoid the contract secured thereby, though, if the promise was made in good faith, the subsequent failure to perform it would not invalidate the contract.

3. **Appeal and error** ☞1054(1)—**Incompetent evidence on other issues not prejudicial to plaintiff after finding against fraud.**

In a suit to cancel an oil lease for fraud, admission of evidence as to performance of the lease as written, if erroneous because not within the pleadings, was not prejudicial where there was nothing to show that the court considered such evidence in finding that lease was not procured by fraud.

4. **Mines and minerals** ☞78(7)—**In suit to cancel lease testimony as to payment of rentals in lieu of drilling held admissible under general denial.**

In an action to cancel an oil lease wherein plaintiff alleged no well was drilled within the time specified in the contract which provided for payment of annual rentals in lieu of beginning to drill within the time fixed therein, testimony that such rentals were paid was admissible under a general denial because it kept the contract alive, notwithstanding no well was commenced.

5. **Trial** ☞62(2)—**In a suit to cancel an oil lease testimony proper to rebut testimony that lease was to be transferred to an Arizona corporation.**

In a suit to cancel an oil lease, testimony of a defendant that he took the lease as an officer of a New Mexico corporation was proper to rebut testimony that it was to be transferred to an Arizona corporation.

6. **Corporations** ☞656—**Capacity to take and hold land only to be questioned by state.**

In a suit by lessors to cancel an oil lease, the fact that a defendant held the lease as trustee for a foreign corporation without a permit to do business in the state could not avail plaintiffs, because the capacity of a corporation to take and hold land can be questioned only by the state.

7. **Appeal and error** ☞1071(1)—**Findings outside of pleading held harmless under finding against fraud.**

In a suit to cancel an oil lease for fraud, findings by the trial court in favor of defendant, and refusal to make certain findings as requested by plaintiff, if erroneous because the defendants' plea of the general issue did not authorize such rulings, were not prejudicial to plaintiff in view of the court's finding, based on sufficient evidence, that there was no fraud.

Appeal from District Court, Mitchell County; W. P. Leslie, Judge.

Suit by E. L. Frost and another against J. M. Thomas, E. O. Dreyer, and another. Judgment for defendant Dreyer, after defendants Thomas and another filed disclaimers, and plaintiffs appeal. Affirmed.

James Spiller, of Sweetwater, for appellants.

L. W. Sandusky, of Colorado, Tex., for appellees.

HARPER, C. J. This suit was brought by appellants against J. M. Thomas, E. O. Dreyer, and Ed. Dupree to cancel an oil and gas lease, upon the grounds of fraudulent misrepresentations in obtaining its execution.

For cause of action plaintiffs alleged, as contained in appellants' brief:

"That they are the owners in fee simple of 640 acres of land known as section 29, block 29, township 1 north, Texas & Pacific Railway Company Survey in Mitchell and Howard counties, Tex., and appellants about said date entered into an agreement with defendants Dreyer and Dupree, who claimed to represent other parties, who were desirous of drilling a deep test well on said section, and in order to get a drilling contract it was absolutely essential that appellants' land should be obtained, and the sole and only purpose of obtaining the said section was for the purpose of development, and in event drilling was not done any lease on said land was to be null and void and of no effect. It was a condition of the trade that drilling was to begin within 90 days from the date of the lease and be pursued with due diligence, and the lease was to be held in escrow by said Dupree, with similar leases of his own, not to be delivered to the company until actual operations were begun. Relying upon these representations, an oil and gas lease was executed by appellants, upon no consideration paid at the time, the real consideration being the drilling of a well within 90 days, to J. M. Thomas, for the benefit of an Arizona Oil Company, all of which representations were false, as the section was not obtained for the purposes set forth in appellees' representations, and was not by Dupree turned over to a company to drill a deep test well; but, on the contrary, was by said Thomas assigned and transferred to E. O. Dreyer, who paid no consideration for the same. No well was commenced within the time specified in the said contract. The escrow agreement was violated and the lease placed of record by said Dreyer. While Dupree obtained a release of his own acreage from the lease executed by him."

Defendants Thomas and Dupree filed disclaimers, and Dreyer general demurrer, and general denial.

Tried without jury, and judgment entered that plaintiff take nothing, from which an appeal is perfected.

There are ten assignments of error and many propositions attacking, all but two, the findings of fact and conclusions of law. We will therefore pass upon the merits of the questions presented in a general way without specifically taking up each assignment and proposition.

[1, 2] It will be noted from the statement of plaintiffs' pleadings that the misrepresentations relied upon to constitute such fraud as to avoid the contract are promises to do something in the future, and not existing facts. The general rule is that such matters cannot be made the basis of fraud, especially so, as in this case, where the parties afterwards put their agreements in writing. Bigham et al. v. Bigham, 57 Tex. 238; Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39.

"In the latter case, however, an exception to the general rule was recognized. That case was one where the grantor in a conveyance to a right of way sought to cancel the conveyance on the ground of an unfulfilled promise to locate depot grounds, etc., on the plaintiff's lands. In disposing of the case our Supreme Court said:

"'To the above rule (the general rule above noted), however, we think that there is a well founded exception, though there is a conflict in the authorities upon the question. It has been distinctly recognized and announced by the Supreme Court, however, in this state. The exception may be stated as follows, and in reference to the case in hand: If the railway company, at the time it made the representations and promises before mentioned to the plaintiffs, did so with the design of cheating and deceiving the plaintiffs, and had no intention at the time of performing the promises, but used them merely as false pretenses to induce the plaintiffs to execute the deed, and if its conduct did have that effect, then we think that such acts and declarations, coupled with its subsequent utter failure and refusal to perform the promises or assurances, would amount to such actual fraud as would authorize the plaintiffs to have the contract rescinded and the land restored to them. But, upon the other hand, if the promises and representations were made in good faith at the time of the contract, and the defendant subsequently changed its mind and failed or refused to perform the promises, then such conduct of the company, originally or subsequently, would not. * * * justify the rescission of the contract or the cancellation of the deed.'"

Burchill v. Hermsmeyer (Tex. Civ. App.) 212 S. W. 767.

For the plaintiffs to maintain this action, therefore, the burden was upon them to show that Dreyer and Dupree, at the time they made the oral statements, if they did so at all, did not intend to fulfill them, but intended to thereby deceitfully induce the plaintiffs to execute the lease. There may be some evidence in this record that the parties did not intend to perform, but there is sufficient evidence to support the findings by the court:

"That the lease contract was executed under circumstances free from fraud, that all the par-

ties signed it with a fair understanding of its provisions."

The logical effect of this finding is that the representations alleged to have been made as an inducement to the execution of the contract were not in fact made.

[3] It is urged that the court erred in admitting testimony that the annual rentals were paid under the lease contract as executed. The proposition is that it constituted a special defense and could not be introduced under general denial.

Conceding this to be a valid objection and that it was incompetent evidence, there is nothing in this case to indicate that the court considered it in arriving at the finding that there was no fraud. Therefore, is not reversible error. Melton v. Cobb, 21 Tex. 539; Orient Land Co. v. Reeder (Tex. Civ. App.) 173 S. W. 939.

[4] The question of whether in fact the assignee under this lease has complied with the lease as executed is not an issue under the pleadings, except it is alleged by plaintiff that no well was commenced within the time specified in the contract. The contract as written having provided for payment of annual rentals in lieu of beginning to drill within the time fixed thereon, this testimony was admissible, under general denial, to prove that fact because it kept the contract alive notwithstanding no well was commenced.

The next is:

"The court erred in admitting the testimony of Dreyer to the effect that he was holding the section in question for the Southwestern Oil & Leasing Company, a New Mexico corporation, without a permit to do business in Texas, because there is no pleading to support it."

[5] There is nothing in the writing about transferring the lease to a corporation, but plaintiff pleaded that it was to be transferred to an Arizona corporation. The witness' testimony is that he came to Mitchell county to secure leases, as an officer of this New Mexico corporation; that the lease was transferred to him as trustee of that company; and that he was then holding it for said company as trustee. This is properly in rebuttal of the testimony that it was to be transferred to an Arizona corporation, so was properly admissible under general denial.

[6] The fact that this New Mexico corporation had no permit to do business in Texas could not avail the plaintiff because the capacity of a corporation to take and hold land can be questioned only by the state. Wooten et al. v. Dermott Townsite Co. (Tex. Civ. App.) 178 S. W. 598.

[7] Other assignments complain of findings of fact by the court because they were such matters as could not be considered without specifically pleading them as a defense and the answer only contained a general denial. And other assignments complain of the refusal of the court to make certain findings in line with the plaintiffs' pleadings. These are, we conclude, immaterial in view of the court's finding that there was no fraud, and some of them would have been contradictory of the latter specific finding.

Finding no reversible error, the cause is affirmed.