**DUNCAN et al. v. BOYD et al. (No. 7054.)** *

(Court of Civil Appeals of Texas. Austin.
June 2, 1926. Rehearing Denied
July 2, 1926.)

**1. Injunction ⊜⇒57—Lessees, surrendering possession under clause providing therefor in case of sale, held not entitled to injunctive relief based on claim, that sale was fraudulent, but should have brought trespass to try title.**

Where lessees surrendered portion of premises under provision of lease requiring surrender on sale, injunction against those taking possession with such consent *held* erroneous, remedy of lessees, on ground that sale was fraudulent, being suit in trespass to try title with sequestration.

**2. Injunction ⊜⇒57—Lessees surrendering portion of premises held not entitled to enjoin those taking possession from means of egress and ingress.**

Where lessees surrendered portion of premises under clause providing therefor in case of sale, injunctive relief, sought on ground that sale was fraudulent, depriving those taking possession of means of egress and ingress to surrendered portion *held* erroneous.

On Motions for Rehearing.

**3. Injunction ⊜⇒57—Where lease provided for surrender on sale, lessees held not entitled to injunction against interference with possession on basis of alleged oral agreement not to sell during term, in absence of fraud.**

Where lease provided for surrender upon sale, lessees *held* not entitled to injunction against interference with possession by purchaser, sought on basis of oral agreement with lessor that land involved should not be sold during term of lease, of which agreement purchaser knew, there being no allegations that such agreement antedated signing written lease or that lessees were overreached or provision for surrender was fraudulent.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Suit by Homer Boyd and others against J. P. Duncan and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Glenn R. Lewis, Harris & Harris, and J. A. Thomas, all of San Angelo, for appellants.

James Cornell and Upton & Upton, all of San Angelo, for appellees.

---

BLAIR, J. Appellant John P. Lee owned 1,500 acres of land in Tom Green county, and on January 1, 1925, leased it to appellees, C. E. and Homer Boyd, for a term of five years, with provision that lessees place 100 acres or more of farm land, known as the "home place" and fenced separately from the other lands, under irrigation, which they did during the first year. The lease was subject to the following condition:

"It is understood that this lease is made subject to sale of the whole or any part of said lands, and in case of the sale of said lands or any part thereof' the said C. E. Boyd shall be entitled to 60 days' notice of said sale, and at the expiration of said 60 days the said C. E. Boyd agrees to give possession of any of the land so sold."

November 25, 1925, Lee by written contract with appellant J. P. Duncan agreed to sell Duncan 360 acres of the land under lease to appellees, including the 100 acres or more of irrigated land, and on which most of the improvements were situated. Appellees were notified of the sale, and they surrendered possession of 250 or more of the 360 acres sold to Duncan, but remained in possession of the irrigated or home place. After this appellants John P. Lee and J. P. Duncan joined in a suit in trespass to try title against appellees, basing their right of possession on the sale provision in the lease contract, and at the conclusion of the evidence, on February 19, 1926, the court indicated that the suit would be dismissed because the contract entered into between Lee and Duncan and to the effect of which each testified in that case, did not constitute or show a complete sale of the land by Lee to Duncan, as contemplated by the term "sale" as used in the lease contract; whereupon appellants took a nonsuit. On the following day, February 20, 1926, appellant Lee and his wife executed two deeds conveying the 360 acres of land in question to appellant J. P. Duncan, and on the same day executed notice directed to appellees, notifying them of the sale, and that possession for Duncan would be expected at the end of 60 days. This was after appellants had taken possessioon of the 250 or more acres with appellees' consent. Before the expiration of the 60 days specified in the notice, appellants took possession of a portion of the irrigated land to the extent of placing machinery thereon in preparation of further irrigating the land; whereupon appellees made application for an injunction, alleging, first, that under the terms of the lease contract they had the right of possession of all the 360 acres sold to Duncan, and especially of the irrigated portion, for at least 60 days after the delivery of the deeds of February 20, 1926, by Lee to Duncan; and, second, that appellees consented to appellants' possession of a portion of the 360 acres sold upon the false and fraudulent representations of appellants that a bona fide sale had been made to Duncan, but that the purported sale to Duncan, as evidenced by the contract of November 25, 1925, and the deeds of February 20, 1926, was a pretended sale, and that the parties thereto had conspired to give the transactions the appearance of a sale in order to make the false claim and demand of appellees to surrender possession of the lands to them under the provisions and conditions of the lease contract aforesaid, and that under the terms of the alleged false and fraudulent contract they and their agents had gone into possession of not only the lands described in the pretended sale contract, deeds, and notice, but of a portion of the 1,500 acres not covered by the pretended sale, without appellees' consent, and were falsely and fraudulently representing that Duncan had become the purchaser of said land from Lee, and that under the aforesaid fraudulent sale and contract appellants were preparing to further intrude and trespass and interfere with appellees' possession, and would continue to do so unless restrained.

The application for temporary injunction was granted, and the judgment as finally amended contains the following restraining orders, which constitute the basis of this appeal:

"First. As to all of the 1,500 acres not sold by Lee to Duncan, you and each of you and your agents and employees are hereby restrained and enjoined from trespassing upon, intruding upon, or driving upon or across any portion of same except for the purpose of removing property placed thereon by you, some one of you, or your agent, or the agent of some one of you, and for the purpose of removing said property you may go upon said premises at such times as often as you please, but you are not required to remove all or any of said property.

"Second. That as to all property which was sold by Lee to Duncan except that portion fenced to itself and constituting the irrigated field put in by plaintiffs, you and each of you and your agents and employees are hereby restrained and enjoined for a period of 60 days from February 20, 1926, from going thereon for any purpose, except to remove if you desire any property you placed thereon, and for the purpose of removing such property you may go thereon at such times as often as you please, but you are not required to remove all or any portion of such property.

"Third. That you and each of you, your agents and employees, are hereby restrained and enjoined from going upon any part of the irrigated field for any purpose except to remove any property you may have placed thereon, if any, and for the purpose of removing such property you may go thereon as often and at such times as you may please. ·

"Fourth. That the defendant W. R. Clendennen and that all the defendants, their agents and employees, be restrained and enjoined from remaining upon or going upon any of the premises above described for any purpose other than to remove property placed thereon by the defendants or any of them or the agents or employees of the defendants or any of them."

An analysis of the orders discloses that the injunctive relief granted in the "second" order, which enjoined appellants from going upon that portion of the land sold Duncan other than the irrigated field for a period of 60 days, was rendered nugatory and without force by the injunctive relief granted in the "fourth" order, which restrained appellants from going upon this same land until a final hearing on the merits; and that as finally issued the effect of all the orders is simply to enjoin and restrain appellants from going in, upon, or across any portion of the 1,500 acres leased appellees, except for the limited purpose stated, until a final hearing on the merits could be had. Therefore the contention that the issues with reference to the 60-day period now present moot questions, the 60-day period having expired, becomes immaterial. For the same reason are the questions immaterial which relate to whether the contract of sale from Lee to Duncan, dated November 25, 1925, constituted a sale within the meaning of that term as used in the contract, or whether the 60-day notice period to which appellees were entitled should be counted from the date of the contract, November 25, 1925, or from that of the deeds, February 20, 1926. In other words, it is clear that the judgment in its entirety granted injunctive relief as to all the land leased by appellees upon the allegations of a pretended fraudulent sale, and that the injunction is to remain in force as to all the land until a final hearing upon the merits can be had.

[1] None of the injunctive relief should have been granted save that with reference to the irrigated portion of the land, as set forth in the "third" order. As to the relief granted by the "second" and "fourth" orders with reference to the portion of the 360 acres other than that under irrigation, or about 250 acres, it is admitted by appellees that they voluntarily surrendered possession of it to appellants under their claim of right to possession by virtue of the sale clause in the lease contract and the contract of sale dated November 25, 1925; that the improvements on this portion of the lease were at the same time and in like manner taken possession of by appellants; that appellants had prepared this portion for cultivation and irrigation; and that they were so in possession when the temporary injunction was granted. Thus we find appellants in possession of this portion with appellees' consent, and under a lawful claim of right to that possession by virtue of the terms of the lease contract, the contract of sale, and the deeds conveying that portion. Under the undisputed facts the injunctive relief granted by these two orders was erroneous, for appellees should have pursued their legal remedy for possession by a suit in trespass to try title with sequestration.

In the case of Hill v. Brown (Tex. Com. App.) 237 S. W. 252, it is held that possession of land cannot be obtained by the issuance of a mandatory injunction requiring possessor to vacate or surrender possession, because of a plain adequate remedy at law in the nature of a suit in trespass to try title with or without sequestration in aid of it. The fact that possession is obtained by fraud as alleged in the case at bar cannot make any difference with reference to the remedy to regain possession.

[2] The injunctive relief granted in the "first" order had for its purpose depriving ingress and egress to the portion of the 360 acres so surrendered by appellees to appellants over the 1,500 acres covered by the lease contract, and since the appellants are entitled to possession of that portion of the 360 acres as against injunctive relief, they are also entitled to use the right of way over the 1,500 acres not covered by the deeds to Duncan to the portion so surrendered as against injunctive relief.

The injunctive relief granted in section 3 is correct. This relates to the irrigated field now occupied by appellees, and which they have occupied continuously since the execution of their lease contract. If the contract and deeds for sale of the land to Duncan are false and fraudulent and executed for the purpose of fraudulently depriving appellees of the possession of the leased premises, and if possession of that portion not surrendered is being interfered with as they allege and the proof shows, then they are entitled to the injunctive relief sought. By this portion of the injunction the trial court restrained appellants from interfering with appellees' possession of the irrigated field until a hearing could be had upon the merits of that phase of the case, and judgment with respect to the injunctive relief granted in section 3 is affirmed; otherwise it is reversed and here rendered so as to deny the injunctive relief granted in orders first, second, and fourth of the judgment.

Affirmed in part and in part reversed and rendered.

### On Motions for Rehearing.

Both appellants and appellees filed motions for rehearing. Our opinion is attacked by appellees' motion as misconstruing the first, second, and fourth orders of the court, and for dissolving the injunctive relief granted by them for the same reasons contended for in their original brief. But as to these matters we adhere to our former construction of the orders.

[3] We held that the injunctive relief granted by the third order with reference to the 100-acre irrigated field was authorized under appellees' allegations that Lee's contract of November 25, 1925, and deeds of February 20, 1926, conveying it to Duncan, were fraudulently executed to deprive appellees of the possession of said irrigated field

by virtue of the sale condition or provision of their lease contract with Lee. By their motion appellees now inform us for the first time at any stage of the proceedings that they did not in the trial court, rely upon that portion of their pleadings for the injunctive relief granted as to the irrigated field, but that they relied then and now rely upon another count of their petition with reference to the 100-acre irrigated field. Neither the record nor judgment show that the third order was not based upon the above-mentioned pleadings. Appellees only briefed the case from the standpoint that the questions presented had become moot questions because the 60-day period mentioned in the judgment had expired. Appellants briefed the question raised by these pleadings as not being supported by any evidence. Now the only pleadings upon which appellees rely for the injunctive relief granted with respect to the irrigated field are, in substance, that at the time the lease contract of January 1, 1925, was executed it was claimed by appellees that lessor Lee had theretofore agreed with them orally that the lands contemplated to be placed under irrigation, and which were later placed under irrigation, should not be sold during the term of the lease; that the lease contract did not contain the provision, but that Lee represented to them that it would not be necessary to incorporate such provision in writing; that appellees relied upon such representations; and that Duncan, the purchaser, knew appellees were making such claim before he took his deed of date February 20, 1926, because he had heard them so testify in the trial of his trespass to try title suit against them.

We did not discuss these pleadings in our opinion because we thought them wholly insufficient to state grounds for the injunctive relief to which they relate, and for the further reason that we thought them immaterial, since we were affirming the portion of the injunctive relief to which they relate upon pleadings now abandoned by appellees. We are still of the opinion that the pleadings relied upon are wholly insufficient, and that the injunctive relief granted in the third order is not supported by any evidence. The oral agreement alleged was in direct conflict with the terms of the written lease contract. It was made before the written contract was executed. It was not even alleged that appellees were induced to execute the written contract containing a contrary provision by reason of the representations alleged. It is not alleged that appellees were in any manner overreached by appellant Duncan at the time they executed the contract, but the facts are undisputed that they were dealing on equal footing and at arm's length. There is no allegation that the provision in the contract which authorized the sale of the farm land during the terms of the lease contract was fraudulently put there, but the testimony is undisputed that the parties knew and agreed that it should be put there. There is no allegation or prayer for a rescission of the contract because of the alleged fraudulent representation, nor that it should be reformed so as to incorporate the oral agreement alleged instead of the conflicting written agreement. It is nowhere alleged that at the time appellee Lee made the representations that he had no bona fide intention of carrying them out. We submit that these pleadings do not in any manner effect or ask relief against the provisions of the written contract that appellant Lee was authorized to sell the irrigated land at any time during lease, and as presented they merely allege that appellant Duncan, whom appellees now admit purchased the land in question in good faith, had been informed prior to his purchase of it that appellees "claimed" a cause of action against appellant Lee for falsely representing to them, prior to the execution of the lease contract, that he would not sell the irrigated land during the period of the lease, which representations were in no way alleged to have vitiated the lease contract.

The testimony went no further than the allegation of the petition, and is therefore not sufficient to support the judgment. For authorities upon the general proposition of fraud and what is necessary to enforce prior or contemporaneous oral agreements in conflict with the written contract, see the following: Wilkirson v. Bradford (Tex. Civ. App.) 200 S. W. 1094; Mid-Continent Life Ins. Co. v. Pendleton (Tex. Civ. App.) 202 S. W. 769; Alvis v. Holbert (Tex. Civ. App.) 238 S. W. 730; Frost v. Thomas (Tex. Civ. App.) 238 S. W. 305; Osborn v. Coal Co. (Tex. Civ. App.) 229 S. W. 359; Wagner v. J. B. Colt Co. (Tex. Civ. App.) 234 S. W. 934.

Appellees' motion for a rehearing will be overruled. Appellants' motion to dissolve the injunctive relief granted in the third order as well as all injunctive relief granted by the court in this case is granted. The portion of our judgment affirming this injunctive relief with respect to the third order and irrigated field is set aside, and the judgment of the trial court granting that relief is reversed and the injunction dissolved; otherwise our former judgment herein is not disturbed.

Appellees' motion overruled.
Appellants' motion granted.