### H. W. WILLIAMS & CO. et al. v. TURNER–MYERS DRUG CO. et al.
### (No. 10082.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 23, 1922.)

1. **Parties** ⊜51(1)—**Statute providing for suit in county of either defendant permissive only.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4, providing that where there are two or more defendants residing in different counties suit may be brought in any county where any one of the defendants reside, is permissive only and is the privilege granted plaintiff in the suit thereunder, but nothing within the exception requires either party to bring in new parties against whom he may desire to plead over.

2. **Parties** ⊜51(4)—**Defendant's rights under alleged creditors' agreement not that of surety or contractee requiring appearance of creditors in defendant's county.**

In action on a partnership debt wherein a retired partner was granted plea of privilege and answered alleging a prior sale of his interest to his partner, who assumed the firm's debts, and a later agreement between the survivor and creditors wherein creditors took over the business and assumed the debts including plaintiff's and asked that the creditors, all nonresidents, be made parties, claiming he was a surety and under Vernon's Sayles' Ann. Civ. St. art. 6336, they should be joined, and under article 1848, they should be brought in as proper parties, *held*, that defendant's relation to creditors and plaintiff was not such, as contractee or implied surety, as to require appearance of creditors in his county on his petition.

Appeal from Bosque County Court; W. A. York, Judge.

Action by the J. W. Crowdus Drug Company against the Turner-Myers Drug Company, a copartnership composed of J. E. Turner and another. After change of venue to the county of defendant J. E. Turner's residence, he filed answer making H. W. Williams & Co. and others parties, all nonresidents. H. W. Williams & Co. and others filed

pleas of privilege to be sued in the counties of their residence, which were overruled, and they appeal. Judgment reversed, and cross-plea dismissed.

Capps, Cantey, Hanger & Short, of Fort Worth, and Allan V. McDonnell, Witt, Terrell & Witt, and G. T. Shires, all of Waco, for appellants.

James M. Robertson, of Meridian, and Rasbury, Adams, Stennis & Harrell, of Dallas, for appellees.

CONNER, C. J. The J. W. Crowdus Drug Company instituted this suit in the county court of Dallas county against the Turner-Myers Drug Company, a copartnership, composed of J. E. Turner and C. R. Myers, to recover upon an open account in the sum of $998.67. Turner resided in Bosque county, Tex., and Myers resided in Eastland county, Tex. On April 27, 1920, the defendant Turner filed his plea of privilege to be sued in the county of his residence. The plea was sustained and the cause transferred from the county court of Dallas county to the county court of Bosque county.

After the suit was transferred, as stated, J. E. Turner filed an answer in which he made the appellant H. W. Williams & Co. and eight other firms and individuals parties to the suit. All of the persons and firms named in such answer were nonresidents of Bosque county; the defendant Turner alone of all the parties engaged in the controversy being a resident of Bosque county. H. W. Williams & Co., as also the others named in the cross-plea, appeared and presented pleas of privilege to be sued in the county of their residence. It was agreed that the pleas should be considered and determined upon the plea of H. W. Williams & Co. The plea is in all respects in compliance with the statute and set up the fact that H. W. Williams & Co. had its domicile and principal place of business in the city of Fort Worth, Tarrant county, Tex., and that none of the exceptions to the statute authorizing suits elsewhere existed. The defendant Turner controverted the plea of privilege, and after a hearing thereon it was overruled, and H. W. Williams & Co. have appealed.

The controverting affidavit of the defendant Turner alleged substantially the facts presented in his plea for additional parties upon which it is sought to retain jurisdiction against H. W. Williams & Co. and the other parties named in Bosque county. Briefly stated, the material facts so alleged are as follows: That during the year 1919 the said Turner & Myers, as partners, were engaged in business as druggists under the name of the Turner-Myers Drug Company; that on the 26th day of August of that year Turner sold out his interest in the business to C. L. Myers, Myers, as consideration, giving Turner two notes for $900 each and assuming to pay all outstanding indebtedness,

including the account or indebtedness upon which the J. W. Crowdus Drug Company had instituted its suit; that after such dissolution Myers continued said business in Desdemona under the name of C. R. Myers Drug Company until about November 15, 1919, when Myers got in an embarrassed financial condition and came to Fort Worth and called a meeting of his creditors, including the J. W. Crowdus Drug Company and the H. W. Williams Drug Company and the other persons, firms, and corporations named in his cross plea; that at said meeting it was finally arranged between Myers and his said creditors that he (Myers) should, for a consideration of $700 in cash then paid to him, set over and assign to Dr. R. McDaniel his said stock of drugs in Desdemona and the leasehold estate upon which the business had been conducted, as a trustee for the benefit of all of said creditors, said creditors also assuming to pay each and all of the outstanding indebtedness of the C. R. Myers Drug Company and the Turner & Myers Drug Company, which included the account declared upon by the J. W. Crowdus Drug Company. It was further alleged that pursuant to such settlement and agreement Dr. McDaniel took charge of the business at Desdemona and later sold it to Dr. Kuykendall upon terms not thought to be necessary to state, and that, later, while the business was being so conducted by Kuykendall, the property, which was uninsured, had been destroyed by fire.

As presented in defendant Turner's cross-plea for additional parties, it seems that Turner bases his right to relief upon two theories. The first, upon the theory of a conversion of the stock of merchandise referred to; and, second, upon the theory that, by virtue of the agreement of H. W. Williams & Co. and the other creditors to pay the outstanding indebtedness of the Turner-Myers Drug Company and of the C. R. Myers Drug Company, the said H. W. Williams Drug Company and the other creditors of the concerns became the principal debtors of J. W. Crowdus Drug Company upon the account declared upon, and he (Turner) but a surety for the payment thereof, invoking article 6336, V. S. Tex. Civ. Statutes, which declares that—

"No surety shall be sued, unless his principal is joined with him, or unless a judgment has previously been rendered against his principal," except in certain cases not necessary to here specify.

We do not think the action of the court in overruling the plea of privilege can be sustained on the ground that there was a conversion of property in which the appellee Turner had an interest of any kind. If, under any consideration, it could be said that the appellant H. W. Williams & Co. or the other creditors were guilty of a conversion so as to bring the case within the ninth excep-

tion to article 1830, Rev. Statutes, giving a defendant the right to be sued in the county of his domicile, except where the foundation of the suit is some crime, or offense, or trespass for which a civil action in damages may lie. Because, if it was a conversion, it was in Eastland county or Tarrant county, and not in Bosque county. However, we need not consider this phase of the case, for on the appeal the appellee Turner distinctly states, in his first, second, and third counter propositions that he does not seek to recover for a conversion of the property or "expect venue in this case by reason of a suit of trespass or in conversion."

[1] It therefore only remains for us to determine whether, under the facts stated, H. W. Williams & Co. bears such relation to the appellee Turner, or is so connected with the debt of J. W. Crowdus Drug Company upon which the suit in Bosque county is pending, as to confer upon Turner the right to sue the appellant company and the other creditors in Bosque county. If, in fact, as appellee Turner in part contends, at the creditors' meeting at Fort Worth, the creditors agreed to pay the indebtedness of the business at Desdemona and discharge both Turner and Myers, and if the J. W. Crowdus Drug Company was in fact a party to that agreement and consented to such discharge, such facts would constitute a bar to the suit of the J. W. Crowdus Drug Company in Bosque county, and no necessity for the intervention of the other parties would be necessary. If, on the contrary, J. W. Crowdus Drug Company was not a party to the agreement as to the account upon which it declared and did not consent to discharge Turner and Myers therefrom, it would not be bound. It may be said that appellee Turner's cross-action and controverting affidavit is susceptible of the construction that while the agreement of the creditors might not constitute a bar because of a failure on the part of J. W. Crowdus Drug Company to consent to a discharge of Turner and Myers, that nevertheless, the J. W. Crowdus Drug Company could avail itself of the assumption of the other creditors to pay the debts of those two defendants, and that it would have a cause of action against such creditors on such assumption, and hence such creditors would be proper parties to this suit. If it be so admitted, we do not think the J. W. Crowdus Drug Company can be compelled to bring said parties in and declare upon such assumption. It is to be noted that the fourth exception to article 1830, providing that "where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants reside," is permissive only, and evidently is the privilege granted to the plaintiff in the suit thereunder. It is clear that Myers could be sued together with Turner in Bosque county, or Turner could be sued together with Myers in Eastland county; but nothing within the terms of this exception can be said to require either plaintiff or defendant to bring in new parties against whom he may desire to plead over. However, it is insisted that under article 1848, Rev. Statutes, that authority exists for the bringing in of appellant and the other creditors. That article thus reads:

"Before a case is called for trial, additional parties may, when they are necessary or proper parties to the suit, be brought in by proper process, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but such parties shall not be brought in at such a time or in such a manner as unreasonably to delay the trial of the case."

In this connection it is to be further noted that it is nowhere alleged by appellee, nor otherwise shown in the record, that Turner was a participant in the agreement of the creditors to pay the debts of the Desdemona business. But if it be admitted that as between Turner and Myers the former in his relation to the debt declared upon by the J. W. Crowdus Drug Company is but a surety, and further that he might avail himself of the assumption agreement on the part of the creditors and have cause of action against either Myers or the creditors, or both, we yet think that as to the indebtedness upon which the J. W. Crowdus Drug Company declared the appellee Turner is not such surety as would require the court in his interest and for his benefit to bring in the creditor parties and against them render judgment, as he prays for, in appellee's favor for any sum for which the J. W. Crowdus Drug Company might obtain judgment.

The case of Holloway v. Blum, 60 Tex. 625, was one wherein a mercantile firm in Galveston obligated itself to a member of a mercantile firm in Fayette county to release the said member of all claims against his firm and to guaranty him immunity against all creditors of his firm if he would release and convey his interest in the firm to his copartners, which he did. Afterwards, in a suit brought by a third party in Fayette county, for a firm debt, against all the members of the Fayette county firm, the retiring member asked that the Galveston firm be made parties to the suit, and that he have judgment over against the firm for any sum adjudged against him in the suit. The members of the Galveston firm appeared and pleaded to the jurisdiction of the court, and it was held that the Galveston firm sustained no such legal or equitable relation to the plaintiffs as would have authorized a suit against them, even in Galveston county, where the members of the firm resided, and that the plea of privilege of the members of the Galveston firm was properly sustained. It was said that there was no stipulation that the contract of the Galveston firm was to be performed in Fayette county, and that the

Galveston firm was neither a necessary nor a proper party to the action.

The case of St. Louis Southwestern Ry. Co. v. McKnight, 99 Tex. 289, 89 S. W. 755, was one certified from this court to the Supreme Court for determination. In that case the plaintiff McKnight instituted suit against the Fort Worth & Denver City Railway Company to recover damages to a shipment of horses from Amarillo, Potter county, Tex., to Brinkley, Ark. Upon arrival at Texarkana, the St. Louis Southwestern Railway Company refused to receive the horses and they were delayed some four days in muddy pens and were so injured that they had to be sold at a greatly reduced price. The Fort Worth & Denver City Railway Company sought to make the St. Louis Southwestern Railway Company a party, claiming that the later company was at fault in not receiving and forwarding the horses in pursuance with the contract made at Amarillo with the shipper, and asked for a judgment over against the St. Louis Southwestern Railway Company for whatever damage McKnight might recover on account of the injury done the horses at Texarkana, alleging that it was a party to the contract of through shipment at the agreed freight rate. McKnight then amended his petition and sought to recover damages against both companies, alleging a case of joint liability against them. The St. Louis Southwestern Railway Company presented its plea of privilege to be sued, if at all, in either Smith or Bowie county, Tex.; and for reasons not necessary to here note, it was held that the plea of privilege should have been upheld as against the exception urged thereto. But in disposing of the case the court, among other things, used the following language upon a phase of the case that seems pertinent here, to wit:

"The honorable Court of Civil Appeals suggests that the jurisdiction can be maintained under article 1208 of the Revised Statutes, which is in this language: 'Before a case is called for trial additional parties may, when they are necessary or proper parties to the suit, be brought in by proper process, either by the plaintiff or the defendant, upon such terms as the court may prescribe, but such parties shall not be brought in at such a time or in such a manner as unreasonably to delay the trial of the case.'

"The above article does not refer to the subject of venue but authorizes the making of parties after the suit has been brought; but such person cannot be brought into a case pending, unless he be liable to be sued upon that cause of action in that county independently of the pending suit. Holloway v. Blum, 60 Texas, 625. The case cited is in point. It was sought, as here, to make a defendant, one who was under obligation to indemnify the defendant in the case in the event of loss; the court held that he could not be made to answer in a county other than that of his residence, unless the facts brought the case within one of the exceptions to the general rule."

The case of Shapleigh Hardware Co. v. Wells & Chestnutt, 90 Tex. 110, 37 S. W. 411, 59 Am. St. Rep. 783, was where one of two parties retired from business; the remaining partner agreeing to assume the debts. The retiring partner notified a creditor of the firm to institute suit upon the debt as provided by statute for the protection of sureties, invoking what are now articles 6329 and 6330, Rev. Statutes, to the effect that a person bound as surety upon any contract for the payment of money or performance of any act when the right of action has accrued may require, by notice in writing, the creditor or obligee forthwith to institute suit upon such contract; and that in event the creditor or obligee, not being under legal disability, shall fail to so do at the first term of court thereafter or at the second term, showing good cause why he did not bring it to the first term, will discharge the surety. It was held that one of two or more principal debtors by agreeing among themselves without the consent of the creditor could not so change the character of his liability to such creditor from principal to surety as to make available to him the provisions of the articles referred to.

The case of Scott v. Fitch (Tex. Civ. App.) 97 S. W. 841, was where a defendant in an action in the justice court pleaded that he was but the agent of the third person whom he asked to be made defendant and prayed that as against him he might have judgment for any amount that the plaintiff might recover. The third person filed a plea of privilege to be used in the county of his residence. It was held that the plea was well taken.

[2] We conclude that whatever may be the right of appellee in this case arising under the agreement of the creditors, his relation to those creditors and to the plaintiff in the suit, the J. W. Crowdus Drug Company, and to the cause of action therein involved, is not such, either as a contractee or as an implied surety, as to require the appearance of the appellant creditor in the suit of Bosque county upon the petition of appellee. It seems clear to us that even though the creditors may have agreed to pay the debt of the J. W. Crowdus Drug Company, as appellee alleges that the promise or agreement so to do was not so performable in Bosque county, Tex., as to deprive the appellant of its right to be sued in the county of its domicile, to wit, Tarrant county. The judgment below overruling appellant's plea of privilege will accordingly be reversed. The statute in such cases would ordinarily require an order upon the part of this court transferring the cause of action in behalf of appellee, so far as it is made to appear, to the proper court of the proper county; but inasmuch as appellee expressly declares that he is not seeking to recover affirmative relief against the appellant company, or any other person, firm, or

corporation, by virtue of the creditors' agreement at Fort Worth, we think the proper order will be to reverse the judgment of the court below upon the plea of privilege and to dismiss, as against those parties, appellee's cross-plea, and it will be so ordered.