**BAIN et al. v. CENTRAL NAT. BANK OF WACO. (No. 7211.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 17, 1924.)

**Venue ⬤⟞22(2)—Privilege of holder of note to sue maker and indorser residing in other county gives maker no right to bring in nonresident indorser not joined by plaintiff.**

Under Rev. St. arts. 587, 1842, 1843, giving holder of note right to sue maker and indorser jointly or severally, holder may join indorser residing in other county, but where such indorser is not sued, maker cannot bring him in by cross-action and raise issues not involving plaintiff's rights.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Central National Bank of Waco against J. L. Bain and others. Cross-action was filed by defendant Coates against L. E. Bain, who interposed a plea of privilege. Plea denied, and said L. E. Bain appeals. Reversed.

Lewright & Lewright, of San Antonio, for appellant.

J. D. Dodson and Bell & Bell, all of San Antonio, Paul H. Brown, of Karnes City, J. B. Dibrell, of Seguin, and Hal Browne, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by the appellee against J. L. Bain, Ira Coates, and her husband, R. H. Coates, on a certain promissory note executed by J. L. Bain to L. E. Bain, who assigned and delivered said note to appellee as collateral security for a debt due by said L. E. Bain to appellee. As security for the note J. L. Bain had executed to Guy S. McFarland, as trustee for the use and benefit of L. E. Bain, a deed of trust on a certain tract of land situated in Karnes county, being 1,380 acres, fully described by metes and bounds, which said lien was transferred to appellee, together with the note as aforesaid. The Coateses were made parties as claiming some interest in the land. The note was made payable in San Antonio, Tex. The Coateses, in addition to their answer to the petition, filed a cross-action against L. E. Bain, setting up facts in regard to the land by which they had been defrauded out of it by the two Bains, and praying for a cancellation of the deed of trust and for judgment against them for certain sums due by them. L. E. Bain interposed a plea of privilege to the cross-action to be sued in McLennan county, which was heard upon a controverting plea, and denied by the lower court. From the order denying the plea of privilege, this appeal has been prosecuted by L. E. Bain.

It is provided in article 587, Revised Statutes:

"Assignors, indorsers, and other parties not primarily liable upon any of the instruments named in this title, may be jointly sued with their principal obligors, or may be sued alone in the cases provided for in articles 1842 and 1843."

Under the terms of that statute the owner of the note had the right to sue not only the maker of the note, but the indorser or assignor in Bexar county, and his plea of privilege would not avail. Under that law the owner of the note is given, by the statute, authority to sue such indorser jointly with the maker, or alone under the circumstances named in articles 1842 and 1843. But the owner or holder of the note alone is given such authority to sue, and he, in this suit, did not see fit to exercise his statutory power, and we think that no one else could exercise that privilege. As said by this court in Scott v. Fitch, 97 S. W. 841:

"The privilege of suing a nonresident, who is jointly liable with a resident, is one granted to plaintiffs, but the right to sue a person outside of his county is not given to a defendant who may desire to obtain a judgment over against the nonresident. In making appellant a party to the suit Fitch had assumed the role of plaintiff, and no authority is given to a plaintiff to sue a party in the justice's court outside of his own precinct and county except when he is joined with a resident party. Fitch was seeking to inject the question of agency into the case about which the plaintiffs in the suit were not concerned, but it may be conceded that appellant was a proper party, and still that would not justify the denial to him of the privilege of being sued in the precinct and county of his domicile. It is not a question of proper parties, but of the right of a citizen to be sued in the precinct and county of his residence."

So in this case the plaintiff had not sued L. E. Bain, the indorser, and defendants sought to drag another issue between them and Bain into the suit in which plaintiff had no interest, and to force Bain out of his county to answer the cross-action. Railway v. McKnight, 99 Tex. 289, 89 S. W. 755; Williams & Co. v. Tumer (Tex. Civ. App.) 248 S. W. 825.

Our former opinion will be withdrawn, our former judgment set aside, and the judgment of the lower court reversed, and the plea of privilege of L. E. Bain will be granted.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes